**Lorenzo Dean ADAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–98–00141–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Nov. 18, 1999.

Decided Nov. 19, 1999.

Discretionary Review Refused
Feb. 16, 2000.

Celia Sams, Rowlett, for appellant.

Kerry P. Fitzgerald, Asst. Dist. Atty., Appellate Section, Dallas, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Lorenzo Adams filed his notice of appeal from the final adjudication of his guilt for the offense of aggravated robbery. He entered an open plea of guilty and was placed on ten years' deferred adjudication on March 8, 1991. Adams' community supervision was revoked, and he was adjudged guilty and sentenced to twenty-five years' imprisonment on March 10, 1998. Adams is currently before this Court in three appeals. He has filed a single brief in which he combines his points of error raising only one contention of error in connection with this appeal.

On appeal, Adams has not raised any claims of error related to the proceeding at which his guilt was adjudicated. Instead, he uses that appeal as a springboard to complain that he is now entitled to a new trial because he cannot obtain a transcription proceeding at which he was initially placed on deferred adjudication. In that argument, he relies upon Tex.R.App. P. 34.6(f), which generally provides that an appellant is entitled to a new trial if he has timely requested a reporter's record, if a significant part of the record is missing without appellant's fault, if the lost portion of the record is necessary to the appeals' resolution, and if the parties cannot agree on a complete record.

Early in the course of this appeal, we abated the cases to the trial court for a hearing. It then became clear that no record could be prepared for the initial hearing and that its absence could not be attributed to Adams.

Nevertheless, the question remains as to whether the absence of a transcription of that hearing is a matter essential to this appeal. A defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in appeals taken when deferred adjudication community supervision is first imposed. *Manuel v. State,* 994 S.W.2d 658 (Tex.Crim.App.1999). The appeal now before this Court was not raised from the plea proceeding, but was brought only after his community supervision was revoked and his guilt adjudicated.[1]

Thus, we cannot now review the initial proceeding because that proceeding is not before us on this appeal, and the time period during which an appeal from that proceeding could have been brought has long since expired. In this case, Adams has not raised any grounds for reversal to which this portion of the court reporter's record would be relevant. The unavailable portion of the record is therefore not nec-

---

1. The time period during which he could have appealed from the initial order expired on April 7, 1991.

essary to our resolution of Adams' appeal from the proceeding at which his guilt was adjudicated, and its absence does not require reversal.

The judgment is affirmed.