**Suzanne Kay DOUBRAVA, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–95–00240–CR.**

Court of Appeals of Texas, Eastland.

Aug. 24, 2000.

Rehearing Overruled Oct. 26, 2000.

---

Judith Martin Prince, Houston, for appellant.

John B. Holmes, Dist. Atty., Houston, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## OPINION

W.G. ARNOT, III, Chief Justice.

### On Remand

This is an appeal from a judgment adjudicating appellant's guilt for theft over $20,000. We affirm.

## Procedural History

In 1993, appellant entered a plea of guilty. Pursuant to a plea bargain agreement, the trial court deferred the adjudication of guilt, placed appellant on community supervision for 10 years, assessed a $1,000 fine, and ordered that appellant pay $46,540.25 in restitution and perform 240 hours of community service. In 1995, after a hearing on the State's motion to adjudicate, the trial court found that appellant had violated the terms and conditions of her community supervision, revoked her community supervision, adjudicated her guilt, and assessed her punishment at confinement for five years. Appellant filed a "general" notice of appeal,[1] and this court affirmed the judgment of the trial court. *Doubrava v. State*, 983 S.W.2d 328 (Tex. App.—Eastland 1998). The Court of Criminal Appeals vacated and remanded for consideration of appellant's arguments that the record from her original 1993 guilty plea had been lost or destroyed, thereby entitling her to a reversal of her conviction and a new trial. *Doubrava v. State*, 6 S.W.3d 287 (Tex.Cr.App.1999). The record reflects that appellant has been represented by the same retained counsel since 1993.

## Lost or Destroyed Records

TEX.R.APP.P. 34.6(f) provides:

An appellant is entitled to a new trial under the following circumstances:

(1) if the appellant has timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or— if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the parties cannot agree on a complete reporter's record.

In *Issac v. State*, 989 S.W.2d 754, 757 (Tex.Cr.App.1999), the Court of Criminal Appeals held that Rule 34.6(f) involves a harm analysis and stated:

Rule 34.6(f)(3) specifies that a new trial may be granted only if the missing portion of the record "is necessary to the appeal's resolution." That provision is itself a harm analysis. If the missing portion of the record is not necessary to the appeal's resolution, then the loss of that portion of the record is harmless under the rule, and a new trial is not required. In enacting that provision of the rule, we necessarily rejected the contention that a missing record could never be found unnecessary to an appeal's resolution.

Further, that a kind of error may, in some (or even most) instances, result in inadequate data to determine whether harm has occurred is not sufficient justification for failing to conduct a harm analysis. Concerning the application of the harmless error standard found in former TEX.R.APP.P. 81(b)(2) (now Rule 44.2), we held "appellate courts should not foreclose entire categories of error from harmless error review merely because such errors may *generally* resist a meaningful harmless error determination." *Cain v. State*, 947 S.W.2d 262, 264 (Tex.Crim.App.1997)(emphasis in original). We find that the reasoning equally applicable to the present context. Although the lack of a record may in some cases deprive an appellate court of the ability to determine whether the absent portions are necessary to the ap-

---

1. A "general" notice of appeal limits reviewable complaints on appeal to jurisdictional issues and challenges to the voluntariness of the plea. Former TEX.R.APP.P. 40(b)(1) now TEX.R.APP.P. 25.2(b)(3); *Flowers v. State*, 935 S.W.2d 131 (Tex.Cr.App.1996); *Johnson v. State*, 978 S.W.2d 744 (Tex.App.—Eastland 1998, no pet'n).

peal's resolution, an automatic rule of reversal is not justified.

The issue of a lost record may be raised regardless of the sufficiency of the notice of appeal. *Sankey v. State*, 3 S.W.3d 43 (Tex.Cr.App.1999). Appellant has the burden of establishing that the missing portion of the record is "necessary to the appeal's resolution." *Issac v. State*, supra; *Alvear v. State*, 25 S.W.3d 241 (Tex.App.—San Antonio, 2000, no pet'n h.); *Yates v. State*, 1 S.W.3d 277 (Tex.App.—Fort Worth 1999, pet'n ref'd); *Jackson v. State*, 989 S.W.2d 842 (Tex.App.—Texarkana 1999, no pet'n).

### Arguments on Appeal

Appellant has not filed a supplemental or an amended brief after the remand. Therefore, we will address the 20 points of error she has previously raised.

### Lost Record from the 1993 Guilty Plea Hearing

■ In her first point of error, appellant contends that she is entitled to a new trial under Rule 34.6(f). We disagree.

The clerk's record contains appellant's timely request dated May 26, 1995, that the court reporter transcribe not only the 1995 adjudication hearing but also the 1993 guilty plea hearing. Prior to our original opinion, the appeal was abated; and the trial court was directed to conduct a hearing pursuant to Rule 34.6(f) on the status of the court reporter's notes from the 1993 plea hearing. The court reporter testified at the hearing that, at one time, he had located his notes from the 1993 hearing but that, upon moving into a new court building, he had discovered that he no longer had the notes. The trial court found that appellant timely requested the record and that the record was unavailable through no fault of appellant.

When the trial court addressed the issue of the 1993 record's necessity to the resolution of the appeal from the later judgment adjudicating guilt, appellant's counsel stated:

I believe that portion of the record is vital to the appeal and to its resolution. Since this is an appeal from a deferred adjudication, it's our position, and it will be our argument on appeal, that the Court was without jurisdiction to adjudicate, and we need the original portion for that purpose.[2]

The trial court stated that the 1993 plea papers were in the courtroom on the bench and that appellant's counsel had had an opportunity to review the documents. When the trial court commented about the presence of the 1993 plea papers, appellant's counsel replied: "They're somewhat helpful, Your Honor, but we really need the court reporter's notes." The trial court concluded that the parties were unable to agree on a complete record. The trial court asked counsel if there was anything else she "wanted to add, for the record." Counsel answered, "No, Your Honor."

Appellant's only argument as to how the record of the 1993 hearing was "necessary to the resolution of her appeal" was that she intended to argue that the trial court "was without jurisdiction to adjudicate" guilt. Appellant did not establish the element of "necessity" and has not shown that she is entitled to a new trial under Rule 34.6(f). The first point of error is overruled.

■ In her next six points of error, appellant argues that she has been deprived of her federal and state constitutional rights because of the loss of the notes from the 1993 hearing. Appellant briefs black letter constitutional law but does not discuss how the Texas and United States Constitutions afford her broader or additional rights or protection than the

---

**2.** The record before this court does not support a challenge to the trial court's jurisdic-

tion.

provisions of Rule 34.6(f). She does not address why the loss of the 1993 record is harmful or why it has resulted in a violation of her constitutional rights. The cases that appellant relies on concern the right of an indigent appellant to an existing appellate record without payment for the record or situations where the entire record was unavailable. Points of Error Nos. 2 through 7 are overruled. *Dewberry v. State*, 4 S.W.3d 735 (Tex.Cr.App.1999); *Moore v. State*, 935 S.W.2d 124 (Tex.Cr.App.1996); *Narvaiz v. State*, 840 S.W.2d 415 (Tex.Cr.App.1992), *cert. den'd*, 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993).

### *Application of Manuel v. State*

The Court of Criminal Appeals held in *Manuel v. State*, 994 S.W.2d 658 (Tex.Cr.App.1999), that certain complaints such as challenges to the sufficiency of the evidence to support an original guilty plea where the trial court deferred the adjudication of guilt could not be raised in the appeal from a later judgment adjudicating guilt. Therefore, Points of Error Nos. 8 through 13 and 17 through 20 are not properly before us.

■ We have held this same date that *Manuel* does not preclude a collateral challenge to the voluntariness of the original guilty plea in an appeal from the later adjudication of guilt. *Grabowski v. State*, 27 S.W.3d 594 (Tex.App.—Eastland, 2000, no pet'n h.). We will address appellant's fourteenth through sixteenth points of error.[3]

### *Voluntariness of the Underlying Guilty Plea*

■ Appellant argues that her 1993 guilty plea was involuntary because the trial court "totally failed to admonish her"

and that "no written admonishments" were given. Therefore, she contends that the trial court failed to comply with TEX. CODE CRIM. PRO. ANN. arts. 26.13 and 42.12, § 5 (Vernon 1989 & Supp.2000).

Appellant did not challenge the voluntariness of her plea at the hearing revoking her "deferred" community supervision or at the hearing on the status of the availability of the record from her 1993 guilty plea. There is no testimony contending that the plea was involuntary or attacking the voluntariness of the plea, and appellant made no argument addressing the voluntariness of her plea. After her guilt had been adjudicated in 1995, appellant argued for leniency and stated that she felt she had "an obligation, because [she] stole that money from Exxon," that she wanted "to pay Exxon back," and that she would not be able to pay the money if she went to prison. She further stated, "I will pay back those people because I stole money from them."

The 1993 order deferring the adjudication of guilt recites that the trial court admonished appellant as to her rights, that appellant appeared to be sane, and that the trial court determined that appellant was entering her guilty plea freely and voluntarily. See *Johnson v. State*, 978 S.W.2d 744 (Tex.App.—Eastland 1998, no pet'n). The trial court further stated at the 1997 hearing on the status of the 1993 plea record that the original guilty plea papers were present in the courtroom and were available for review.[4]

■ A "bald" assertion that a plea was involuntary is not enough to overcome the presumption that the recitations in the court's order and in the record are "regular" or true. *Parke v. Raley*, 506 U.S. 20, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992); *Disheroon v. State*, 687 S.W.2d 332 (Tex.Cr.App.1985); *Alvear v. State*, supra. Ap-

---

3. See and compare *Adams v. State*, 7 S.W.3d 766 (Tex.App.—Texarkana 1999, pet'n ref'd).

4. The trial court candidly commented on its failure to sign a preprinted form. We have

this same day held that the failure of the trial court to sign the preprinted form is an irregularity which cannot be raised collaterally. *Grabowski v. State*, supra.

pellant has had two opportunities to rebut the presumption of regularity in the 1993 plea proceedings: the hearing on the State's motion to adjudicate and the hearing on the status of the 1993 record. Appellant has neither attacked nor defeated this presumption. *Parke v. Raley*, supra; *Breazeale v. State*, 683 S.W.2d 446 (Tex. Cr.App.1984); *Alvear v. State*, supra. Points of Error Nos. 14 through 16 are overruled.

The judgment of the trial court is affirmed.