Appellant=s
Motion for Rehearing Overruled; Opinion of April 17, 2003, Withdrawn; Affirmed
and Majority and Concurring Opinions on Rehearing filed
September 11, 2003.

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-00-01505-CV

____________

 

AVI BART MARKOWITZ, Appellant

 

V.

 

BRIDGET MARY MARKOWITZ, Appellee

 



 

On Appeal from the 272nd District Court

Brazos County, Texas

Trial Court Cause No. 35,930A-272

 



 

C O
N C U R R I N G  
O P I N I O N 

O
N   M O T I O N   F O R  
R E H E A R I N G 

We join the majority opinion in all respects except for its
discussion of the first issue.  On the
first issue only, this is the majority opinion.








                                                       REPORTER=S RECORD

In his first issue, Avi contends that he is entitled to a new trial because the
court reporter failed to transcribe and file certain pretrial proceedings,
which were recorded electronically.  We
disagree.  

Avi claims that the missing pretrial
proceedings would demonstrate he was denied a fair and impartial trial on the
merits because of the trial judge=s bias.[1]  An appellant is entitled to a new trial under
the following circumstances: 

(1) if the appellant has timely requested a reporter=s record;

(2) if, without the appellant=s fault, a significant exhibit or a
significant portion of the court reporter=s notes and records has been lost or
destroyed or B if the proceedings were
electronically recorded B a significant portion of the recording has been lost or
destroyed or is inaudible; 

(3) if the lost, destroyed, or inaudible portion of the reporter=s record, or the lost or destroyed
exhibit, is necessary to the appeal=s resolution; and 

(4) if the parties cannot agree on a complete reporter=s record.   








Tex. R. App. P. 34.6(f) (Vernon Special Pamph.
2002) (emphasis supplied); Routier v. State,
No. 72795, __ S.W.3d __, 2003 WL 21185818 at *13 (Tex. Crim.
App. May 21, 2003); Issac v.  State, 989 S.W.2d 754, 756-57 (Tex. Crim. App. 1999) (en banc).[2]  We find that Avi
has not complied with the fourth requirement, showing that the parties could
not agree on a complete reporter=s record.  See Tex.
R. App. P. 34.6(f)(4).  This
failure on his part is dispositive of this issue.

We
can find no reference in any document submitted by Avi
that he has fulfilled this requirement.  See
Kirtley v. State, 56 S.W.3d 48, 52 (Tex. Crim. App. 2001) (holding that a new trial could not be
ordered until there was a finding the parties could not agree on complete
reporter=s
record).  More importantly, Avi fails to direct us to any part of the voluminous record
which shows the parties could not agree on replacements for the lost
transcripts of the pretrial proceedings. 
See Nguyen v. Kosnoski, 93 S.W.3d 186,
188 (Tex. App.CHouston [14th Dist.] 2002, no pet.)
(finding that an issue unsupported by record reference is waived).  In addition, our order of November 11, 2001
granted Avi time to file his brief thirty days after
the reporter=s record was filed, because he had
so many problems in locating and transcribing the record.  Nonetheless, the appellant=s
brief was filed on January 14, 2002, and Avi asked
that he be entitled to supplement his brief when the trial court reporter filed
additional record transcripts.  Although
it is now more than a year later, our clerk=s office has received no additional
transcripts and no agreement, or attempts to agree, on the apparently lost
record.  The rules of appellate procedure
and the case law detail the steps a litigant must take if confronted with a
lost record.  See Tex. R. App. P. 34.6(f); see also Routier v. State, __ S.W.3d at __, 2003 WL 21185818 at
*1 (appeals court had granted motion to correct and clarify the record and
remanded case for a trial court hearing); Gaston v. State, 63 S.W.3d
893, 899 (Tex. App.CDallas 2001, no pet.) (trial court
made findings of fact); Doubrava v. State,
28 S.W.3d 148, 151 (Tex. App.CEastland 2000, pet. ref=d)
(trial court filed conclusion of law after hearing on remand); Pierre v.
State, 2 S.W.3d 439, 444 (Tex. App.CHouston [1st Dist.] 1999, pet. ref=d)
(judicial findings of fact issued after case abated and remanded).  Avi failed to
follow these guides and, as a result, he has waived his right to complain of
any harm the lost record may have on his appeal.

Accordingly, because Rule 34.6(f)
has not been satisfied, Avi is not entitled to a new
trial due to a lost, destroyed or unfiled reporter=s record of the pretrial proceedings.  The first issue is overruled. 

 

 

 

/s/        Wanda
McKee Fowler

Justice








Judgment rendered and Majority and Concurring Opinions on
Rehearing filed September 11, 2003.

 

Panel consists of Justices Yates, Fowler, and Seymore. (Yates, J. joins this opinion on the first issue).

 

 

 











[1]  Avi provided transcripts of three pretrial hearings and two
recusal hearings as exhibits to his brief.  However, we cannot consider these exhibits as
part of the appellate record.  See
Tex. R. App. P. 34.1, 34.5, 34.6
(contents of appellate record); Till v. Thomas, 10 S.W.3d 730, 733-34
(Tex. App.CHouston [1st Dist.] 1999, no pet.); see also
Gabriel v. State, 973 S.W.2d 715, 719 (Tex. App.CWaco 1998, no pet.) (letter attached to appellate
brief not part of the record).  We note
that in the two recusal motions included in the
record, Avi complained about alleged bias shown in
the trial court=s pretrial comments and rulings.  Both motions to recuse
were denied.  Avi
does not assign error to the denial of his motions to recuse.





[2]   This appeal
was perfected before the Texas Rules of Appellate Procedure were amended,
effective January 1, 2003.  Rule 34.6(f)
was amended to clarify its application to exhibits and require agreement only
as to the portion of the text at issue and to provide that the trial court may
determine that a copy of an exhibit should be used even if the parties cannot
agree.  See Tex. R. App. P. 34.6 comments; compare
Tex. R. App. P. 34.6(f) (Vernon
Special Pamph. 2002) with Tex. R. App. P. 34.6(f) (Vernon
2003).