IN THE INTEREST OF S.R.C., M.A.C., C.S.C., AND A.A.C., THE CHILDREN

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-426-CV

IN THE INTEREST OF S.R.C., M.A.C., 

C.S.C., AND A.A.C., CHILDREN 

------------

FROM THE 158
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  I
NT
RODUCTION

This is a parental rights termination case.  Following a jury trial, the trial court rendered judgment on the verdict that appellant T.L.C.’s parental rights be terminated from her four children, S.R.C., M.A.C, C.S.C., and A.A.C.  In nine points of error, appellant contends that she has been harmed by an incomplete reporter’s record, that the trial court erred in submitting broad-form jury questions inquiring as to termination with respect to each child with instructions constituting a disjunctive submission of all grounds asserted, and, alternatively, that she received ineffective assistance of counsel at trial because her attorney did not preserve the alleged jury charge error.  We affirm.

II.  I
NCOMPLETE
 R
ECORD

In point one, appellant alleges that a reading of the record establishes that a “significant” pre-trial hearing was held that was not transcribed.  Statements made by trial counsel during the charge conference seem to refer to a July hearing that was held to consider the State’s motion to strike appellant’s petition in intervention.
(footnote: 2)  The court granted the motion.  Appellant filed a motion to reconsider her petition as intervenor and, on this basis, requested special issues be presented to the jury in which the jury would answer whether appellant, the mother of the children, should be named as a non-parent joint-managing conservator or a non-parent possessory conservator upon termination of her parental rights.  Without a record of this hearing, appellant reasons, this court cannot review the entire record to determine harmful error.  She asserts that it was impossible to brief a point of error complaining of the trial court’s rulings on the proposed jury charge without the missing part of the record and requests relief in the form of an order for new trial under Rule 34.6(f) of the Texas Rules of Appellate Procedure.
(footnote: 3)  

Appellant argues that our previous rulings denying appellant additional time to complete the appeal or to abate the appeal “essentially makes the record lost or destroyed as it is not available to the Appellant.”  Appellant, however, cites no authority for this proposition, and we have found none.  Moreover, there is no evidence that the alleged missing record was ever created, much less lost or destroyed.  Finally, Rule 34.6(f)(3) specifies that a new trial may be granted only if the missing portion of the record “is necessary to the appeal’s resolution.”  
Tex. R. App. P.
 34.6(f)
; 
see Issac v. State
, 989 S.W.2d 754, 757 (Tex. Crim. App. 1999) (pointing out the limitations of granting a new trial under Rule 34.6(f)). 
 The appellant has the burden of establishing that the missing portion of the record is “necessary to the appeal's resolution.”
  
Gaston v. State
, 63 S.W.3d 893, 899 (Tex. App.—Dallas 2001, no pet.).  

In the present case, appellant fails to show that the missing reporter's record is necessary to resolve the points of error she asserts.  While appellant does argue it is impossible to brief a point of error regarding the denial of the trial counsel’s request for a jury charge without the alleged missing record, appellant failed to raise a point of error regarding the denial of the proposed charge in this appeal.  
See Doubrava v. State
, 28 S.W.3d 148, 151 (Tex. App.—Eastland 2000, pet. ref’d) (holding that a similar speculative statement regarding a proposed issue was not enough to establish “necessity”). 
 Appellant also claims that her right of appeal and right to counsel on appeal were essentially denied without a complete record.  Appellant, however, cities no authority for this proposition, and we have found none.  Accordingly, 
we overrule appellant’s first point.       

III.  J
URY
 C
HARGE
 

In points two, three, four, and five, 
appellant contends that the broad-form jury question for each child submitted to the jury allowed for a verdict of less than ten jurors thus violating due process. 
 To preserve an error in the jury charge for our review, the complaining party must timely and plainly make the court aware of the complaint and get a ruling.  
Tex. R. App. P.
 33.1(a); 
In re B.L.D.
, 113 S.W.3d 340, 349 (Tex. 2003)
.  If a party fails to do this, error is not preserved, and the complaint is waived. 
Tex. R. App. P.
 33.1(a); 
Tex. R. Civ. P.
 274;
 B.L.D.
, 113 S.W.3d at 349. Therefore, since appellant made no objection to the jury charge on a basis that comports with her points of error, her jury charge points have been waived.
(footnote: 4)  
B.L.D.
, 113 S.W.3d at 355.  We overrule appellant’s second, third, fourth, and fifth points.

IV.  I
NEFFECTIVE
 A
SSISTANCE
 
OF
 C
OUNSEL

Alternatively, in points six, seven, eight, and nine, appellant contends that she received ineffective assistance of counsel in the trial court because her attorney did not preserve the jury charge error.  The Texas Supreme Court has recently held that “the statutory right to counsel
(footnote: 5) in parental-rights termination cases embodies the right to effective counsel.” 
 In re M.S.
, 115 S.W.3d 534, 544 (Tex. 2003).  The court also held that the two pronged 
Strickland 
test used for determining counsel effectiveness in criminal proceedings should also be used to determine counsel effectiveness in civil parental termination proceedings.  
Id
. at 545; 
see Strickland v. Washington
, 466 U.S. 668, 687,  104 S. Ct. 2052, 2064 (1984).  Under the two prong test,
 appellant must first show that her counsel's performance was deficient; second, appellant must show that the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.   

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson v. State
, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).
  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Id. 
at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 814.  Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065.

Considering the controlling authority,
(footnote: 6) which approves submitting disjunctive alternative grounds of termination accompanied with a broad-from jury question as to the controlling issue, a counsel’s failure to object to broad-form submission of the termination issue in a jury charge was not “outside the wide range of professionally competent assistance.”  
In re J.F.C.
, 96 S.W.3d 256, 283 (Tex. 2002) (quoting 
Stickland
, 466 U.S. at 690, 
104 S. Ct. at 2066.  Appellant, therefore, failed to show her counsel's performance was deficient
. 
Id
.
(footnote: 7) 
 
We overrule appellant’s sixth, seventh, eighth, and ninth points. 

V.  C
ONCLUSION
 

Having overruled each of appellant’s points, we affirm the trial court’s termination order.  

SAM J. DAY

JUSTICE

PANEL B: DAUPHINOT and HOLMAN, JJ.; and SAM J. DAY, J. (Retired, 

Sitting by Assignment).

DELIVERED:  December 18, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
[APPELLANT’S TRIAL COUNSEL]:  I can, Your Honor.  I’ll reurge the argument that I had at the original hearing.

. . . .

[STATE’S COUNSEL]:  Your Honor, I’d just reurge what we did in our motion to strike when we had this back in July.

3:
Rule 34.6(f) states:

            

An appellant is entitled to a new trial under the following circumstances:

(1) if the appellant has timely requested a reporter's record; 

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible; 

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, 
is necessary to the appeal's resolution
; and 

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit. 

Tex. R. App. P.
 34.6(f) (emphasis added).

4: 
Moreover, neither the fundamental-error doctrine nor due process require appellate review in this case.  
See B.L.D.
, 113 S.W.3d 
at
 351 (holding that neither the fundamental-error doctrine nor due process require appellate review of unpreserved jury charge issues in termination cases).

5:
Tex. Fam. Code Ann.
 § 107.013(a)(1) (Vernon Supp. 2004).

6:
Tex. Dept. of Human Servs. v. E.B.
, 802 S.W.2d 647 (Tex. 1990)
 (upholding a jury charge identical to the charge in this case, which included two grounds for termination listed disjunctively, followed by a single question regarding whether the parent’s rights should be terminated); 
see In re J.M.M.
, 80 S.W.3d 232, 246-47 (Tex. App.—Fort Worth 2002, pet. denied) (following 
E.B.
)(disapproved on other grounds by 
In re J.F.C.
, 96 S.W.3d 256, 283 (Tex. 2002); 
see also In re J.W.
, 113 S.W.3d 605, 613 (Tex. App.—Dallas 2003, no pet.); 
In re K.S., 
76 S.W.3d 36, 47-49 (Tex. App.—Amarillo 2002, no pet.); 
In re M.C.M.
, 57 S.W.3d 27, 30-31 (Tex. App.—Houston [1
st
 Dist.] 2001, pet. denied). 
  
   

7:
Because appellant failed to meet her burden under the first prong of the test, 
we need not address the second prong.  
See Strickland
, 466 U.S. at 697, 104 S. Ct. at 2069.