COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-02-426-CV
 
IN THE INTEREST OF S.R.C., M.A.C., 
C.S.C., AND A.A.C., CHILDREN 

------------
 
FROM THE 
158TH DISTRICT COURT OF DENTON COUNTY 
 
------------
 
MEMORANDUM OPINION 
 


 
------------
I. INTRODUCTION
         This is a parental rights termination case. Following a jury trial, the trial 
court rendered judgment on the verdict that appellant T.L.C.’s parental rights 
be terminated from her four children, S.R.C., M.A.C, C.S.C., and A.A.C. In 
nine points of error, appellant contends that she has been harmed by an 
incomplete reporter’s record, that the trial court erred in submitting broad-form 
jury questions inquiring as to termination with respect to each child with 
instructions constituting a disjunctive submission of all grounds asserted, and, 
alternatively, that she received ineffective assistance of counsel at trial because 
her attorney did not preserve the alleged jury charge error. We affirm. 
II. INCOMPLETE RECORD 
        In point one, appellant alleges that a reading of the record establishes that 
a “significant” pre-trial hearing was held that was not transcribed. Statements 
made by trial counsel during the charge conference seem to refer to a July 
hearing that was held to consider the State’s motion to strike appellant’s 
petition in intervention. 
 

 The court granted the motion. Appellant filed a 
motion to reconsider her petition as intervenor and, on this basis, requested
special issues be presented to the jury in which the jury would answer whether
appellant, the mother of the children, should be named as a non-parent joint-managing conservator or a non-parent possessory conservator upon termination
of her parental rights. Without a record of this hearing, appellant reasons, this
court cannot review the entire record to determine harmful error. She asserts
that it was impossible to brief a point of error complaining of the trial court’s
rulings on the proposed jury charge without the missing part of the record and
requests relief in the form of an order for new trial under Rule 34.6(f) of the
Texas Rules of Appellate Procedure.
 

 Appellant argues that our previous rulings denying appellant additional 
time to complete the appeal or to abate the appeal “essentially makes the
record lost or destroyed as it is not available to the Appellant.” Appellant,
however, cites no authority for this proposition, and we have found none. 
Moreover, there is no evidence that the alleged missing record was ever
created, much less lost or destroyed. Finally, Rule 34.6(f)(3) specifies that a
new trial may be granted only if the missing portion of the record “is necessary
to the appeal’s resolution.” Tex. R. App. P. 34.6(f); see Issac v. State, 989
S.W.2d 754, 757 (Tex. Crim. App. 1999) (pointing out the limitations of
granting a new trial under Rule 34.6(f)). The appellant has the burden of
establishing that the missing portion of the record is “necessary to the appeal's
resolution.” Gaston v. State, 63 S.W.3d 893, 899 (Tex. App.—Dallas 2001,
no pet.). 
        In the present case, appellant fails to show that the missing reporter's 
record is necessary to resolve the points of error she asserts. While appellant 
does argue it is impossible to brief a point of error regarding the denial of the 
trial counsel’s request for a jury charge without the alleged missing record, 
appellant failed to raise a point of error regarding the denial of the proposed 
charge in this appeal. See Doubrava v. State, 28 S.W.3d 148, 151 (Tex. 
App.—Eastland 2000, pet. ref’d) (holding that a similar speculative statement 
regarding a proposed issue was not enough to establish “necessity”). Appellant 
also claims that her right of appeal and right to counsel on appeal were
essentially denied without a complete record. Appellant, however, cities no
authority for this proposition, and we have found none. Accordingly, we
overrule appellant’s first point. 
III. JURY CHARGE 
        In points two, three, four, and five, appellant contends that the 
broad-form jury question for each child submitted to the jury allowed for a
verdict of less than ten jurors thus violating due process. To preserve an error 
in the jury charge for our review, the complaining party must timely and plainly 
make the court aware of the complaint and get a ruling. Tex. R. App. P. 
33.1(a); In re B.L.D., 113 S.W.3d 340, 349 (Tex. 2003). If a party fails to do 
this, error is not preserved, and the complaint is waived. Tex. R. App. P. 33.1(a); 
Tex. R. Civ. P. 274; B.L.D., 113 S.W.3d at 349. Therefore, since appellant 
made no objection to the jury charge on a basis that comports with her points 
of error, her jury charge points have been waived. 
 

 B.L.D., 113 S.W.3d at 355. 
We overrule appellant’s second, third, fourth, and fifth points.
 
 
IV. INEFFECTIVE ASSISTANCE OF COUNSEL 
        Alternatively, in points six, seven, eight, and nine, appellant contends that 
she received ineffective assistance of counsel in the trial court because her 
attorney did not preserve the jury charge error. The Texas Supreme Court has 
recently held that “the statutory right to counsel 
 

 in parental-rights termination 
cases embodies the right to effective counsel.” In re M.S., 115 S.W.3d 534,
544 (Tex. 2003). The court also held that the two pronged Strickland test
used for determining counsel effectiveness in criminal proceedings should also
be used to determine counsel effectiveness in civil parental termination
proceedings. Id. at 545; see Strickland v. Washington, 466 U.S. 668, 687, 
104 S. Ct. 2052, 2064 (1984). Under the two prong test, appellant must first
show that her counsel's performance was deficient; second, appellant must
show that the deficient performance prejudiced the defense. Strickland, 466
U.S. at 687, 104 S. Ct. at 2064. 
        In evaluating the effectiveness of counsel under the first prong, we look 
to the totality of the representation and the particular circumstances of each 
case. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The 
issue is whether counsel's assistance was reasonable under all the
circumstances and prevailing professional norms at the time of the alleged error. 
Strickland, 466 U.S. at 688-89, 104 S. Ct. at 2065. “[C]ounsel is strongly
presumed to have rendered adequate assistance and made all significant
decisions in the exercise of reasonable professional judgment.” Id. at 690, 104
S. Ct. at 2066. An allegation of ineffective assistance must be firmly founded
in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. Thompson, 9 S.W.3d at 814. Our scrutiny of counsel's
performance must be highly deferential, and every effort must be made to
eliminate the distorting effects of hindsight. Strickland, 466 U.S. at 689, 104
S. Ct. at 2065.
        Considering the controlling authority, 
 

 which approves submitting 
disjunctive alternative grounds of termination accompanied with a broad-from
jury question as to the controlling issue, a counsel’s failure to object to broad-form submission of the termination issue in a jury charge was not “outside the
wide range of professionally competent assistance.” In re J.F.C., 96 S.W.3d
256, 283 (Tex. 2002) (quoting Stickland, 466 U.S. at 690, 104 S. Ct. at 2066. 
Appellant, therefore, failed to show her counsel's performance was deficient.
Id.
 

 We overrule appellant’s sixth, seventh, eighth, and ninth points. 
V. CONCLUSION 
        Having overruled each of appellant’s points, we affirm the trial court’s 
termination order. 
 
 
                                                          SAM J. DAY 
                                                          JUSTICE
 
PANEL B:   DAUPHINOT and HOLMAN, JJ.; and SAM J. DAY, J. (Retired, 
Sitting by Assignment).
 
DELIVERED: December 18, 2003