# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00632-CR

**Jesse Edmon Washington, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
### NO. 2030206, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The trial court found appellant Jesse Edmon Washington guilty of state-jail felony possession of marihuana and sentenced him to two years imprisonment, probated for four years. *See* Tex. Health & Safety Code Ann. § 481.121 (West 2003). On appeal, he raises only one issue, arguing that he is entitled to a new trial because the reporter's record from a pretrial hearing on his motion to suppress is missing. *See* Tex. R. App. P. 34.6(f). We affirm the trial court's judgment.

Washington filed a motion to suppress, and a hearing was held on the motion before Judge Coronado on May 7, 2004. Judge Coronado denied the motion, and trial was held before Judge Kennedy on May 5, 2005. At trial, Washington's attorney conducted extensive cross-examination of the arresting officer regarding the propriety of the stop and argued that the stop was improper and that all evidence seized as a result should be suppressed. Judge Kennedy denied Washington's motion and found him guilty of marihuana possession. While this case was pending on appeal, we twice abated it to the trial court, first for a hearing to determine whether Washington

wanted to pursue his appeal and second to determine whether "all grounds for suppression and all evidence relevant to the suppression issue are contained in the trial record," noting that the record from the trial "reflects that the legality of the search and seizure was litigated at Washington's trial."

At the first hearing, held on March 30, 2006, Washington's attorney appeared and stated that he had not been able to locate the court reporter who made the record for the pretrial suppression hearing. He stated, "Pretrial has got a good suppression issue, but I've got to have a record to do it with." The trial court concluded that Washington wanted to pursue his appeal and that counsel was diligently attempting to obtain a complete reporter's record. The second hearing was held on June 12, and Washington's attorney failed to appear. At that hearing, the trial court stated that "all pretrial matters were litigated fully, not only at the time of trial, but also by scheduled pretrial hearings . . . . So this Court is of the belief that all pretrial matters have been litigated fully." The court further stated, "based on its knowledge of this case as well as on conversations with the State's attorney, who is now present at this hearing, that the suppression issue is a re-litigation of those issues raised at pretrial hearing previously."

Rule 34.6(f) provides that an appellant is entitled to a new trial when a timely requested reporter's record is lost or destroyed if the missing record comprises a "significant portion" of the record, the lost record cannot be replaced by the agreement of the parties, and the lost portion "is *necessary* to the appeal's resolution." *Id*. (emphasis added). It is undisputed that a portion of the reporter's record is missing due to no fault of Washington's, and the State concedes that we need not presume that the missing portion of the record supported the trial court's determination. *See Routier v. State*, 112 S.W.3d 554, 570-71 (Tex. Crim. App. 2003) (quoting *Gamble v. State*, 590 S.W.2d 507, 508 (Tex. Crim. App. 1979)) (when all or part of record is missing, circumstances

2

should be viewed from defendant's standpoint and reasonable doubt resolved in his favor); *see also Rowell v. State*, 66 S.W.3d 279, 281-82 (Tex. Crim. App. 2001) (rejecting State's argument that record omission is presumed to support trial court's ruling; "It is no longer necessary, or sufficient, for a party to argue that the appeal should be decided by hypotheses about missing portions of the record.").

In this case, the question of the necessity of the missing portion of the record is dispositive of the appeal.[1] In asking whether a lost portion is necessary to the resolution of an appeal, the court of criminal appeals has explained:

> Rule 34.6(f)(3) specifies that a new trial may be granted only if the missing portion of the record "is necessary to the appeal's resolution." That provision is itself a harm analysis. If the missing portion of the record is not necessary to the appeal's resolution, then the loss of that portion of the record is harmless under the rule, and a new trial is not required. In enacting that provision of the rule, we necessarily rejected the contention that a missing record could never be found unnecessary to an appeal's resolution.

*Issac v. State*, 989 S.W.2d 754, 757 (Tex. Crim. App. 1999). The defendant has the burden of showing that the missing record is necessary to the resolution of the appeal. *Doubrava v. State*, 28 S.W.3d 148, 151 (Tex. App.—Eastland 2000, pet. ref'd).

---

[1] The State contends that Washington has not shown that he diligently sought the record. Although Washington has not provided a detailed recitation of his efforts to obtain the missing record, this Court inquired into the status of the record and "confirmed that the record from this pretrial hearing cannot be found." *Washington v. State*, No. 03-05-00632-CR (Tex. App.—Austin Jan. 11, 2007) (show cause order). Thus, we will assume that Washington diligently attempted to obtain a complete reporter's record. The State also argues that Washington did not show that he and the State were unable to agree on the content of the missing portion. Due to our resolution of the "necessity" question, we need not address this issue.

3

Although Washington asserts in his brief that "[d]efense counsel addressed the critical issues at pretrial and not extensively at trial on the merits" and that "[c]ounsel relied on the record from the pretrial at time of trial," the record does not support his contentions. At the guilt/innocence phase of trial, Washington did not refer the court to any arguments raised pretrial and never even mentioned that the issue had been addressed pretrial before a different judge. In his questioning of the arresting officer and his defensive arguments, he contended that the officer unreasonably extended the detention beyond the time necessary to address the reasons for the stop—a defective taillight and "license plate out"—and that Washington's consent for the search of his car was involuntary. After an earlier review of the record, we noted that arguments related to suppression had been raised at trial and abated the cause for a hearing to determine whether all relevant evidence and arguments were "contained in the trial record." Counsel did not appear for that hearing, at which he could have attempted to show what arguments or evidence were not raised at trial. The trial court concluded that "all pretrial matters," which included Washington's suppression arguments, were fully litigated both pretrial and "at the time of trial."

On appeal, Washington does not explain how the suppression issue was not fully explored a second time at trial or attempt to explain what, if any, evidence or arguments were considered pretrial but not at guilt/innocence. Instead, he simply states that counsel addressed the critical issues pretrial and "not extensively at trial," a statement he does not support with any explanation or argument. Further, the trial court found that the issues were fully litigated at trial, and Washington does not dispute this finding. Finally, Washington does not even advance an argument on appeal that the evidence seized during the search should be suppressed.

4

Essentially, Washington simply points to the incompleteness of the record and asserts that this, by itself, entitles him to a new trial. This case is similar to the facts presented in *Routier*, in which the defendant asserted that prospective jurors might have been given erroneous instructions in the missing portion of the record but did not raise a point of error regarding the instructions given. 112 S.W.3d at 571. The court of criminal appeals held:

> The suggestion that instructions *may* have been erroneous, without more, does not make that portion of the record necessary to her appeal. Also, as the State notes, the instructions given to prospective jurors during the morning session were virtually identical to the instructions given during the afternoon session. And Simmons [a court reporter appointed to review the record] testified that the afternoon session that she heard on tape was very similar to the notes from the morning session. The appellant has not shown that the portion of the uncertified record dealing with prospective jurors is necessary to her appeal.

*Id*.

The trial court found and the record reflects that Washington's suppression arguments were made at trial, as well as in the missing pretrial hearing. Washington has not met his burden of showing that the missing record is "necessary to the appeal's resolution," and we therefore overrule his sole issue on appeal. We affirm the trial court's judgment.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Henson

Affirmed

Filed: August 31, 2007

Do Not Publish

5