**Linda Sue ISSAC, Appellant,**

v.

**The STATE of Texas**

No. 1106–98.

Court of Criminal Appeals of Texas, En Banc.

April 14, 1999.

---

5. "Again, *if* we didn't get the results in time, by all means, I'm taking the hit on that one...."

*Ante*, at 751 (emphasis added).

Scot R. Courtney, Houston, for appellant.

Eric Kugler, Assist. DA, Houston, Matthew Paul, State's Atty., Austin, for the State.

## OPINION

KELLER, J., delivered the unanimous opinion of the Court.

On November 13, 1995, appellant was charged with three counts of the misdemeanor offense of driving while intoxicated (DWI). Texas Penal Code § 49.04. The information contained an enhancement paragraph for a prior DWI. On June 5, 1996, appellant was found guilty of driving while intoxicated and sentenced to nine months in the Harris County Jail, probated for two years. Notice of appeal was filed the same day. In a published opinion issued May 7, 1998, the Court of Appeals affirmed appellant's conviction. *Issac v. State*, 982 S.W.2d 96 (Tex. App.—Houston [1st Dist.] 1998).[1]

In her first ground for review, appellant asks us to determine whether the Court of Appeals misconstrued this Court's order adopting the new appellate rules by applying the new Tex.R.App. P. 34.6(f), rather than former Tex.R.App. P. 50(e). In appellant's second ground of review, she asks us to determine whether missing portions of the record should result in a new trial without regard to whether she suffered any harm from their absence.

We will affirm.

## I. Background

Evidence presented at trial showed that at approximately 2:00 a.m. on April 16, 1995, Houston Police Officers H.R. Hall and Jonathan Hicks saw appellant driving her vehicle in a reckless manner. They followed her to the driveway of her townhouse complex. Officer Hicks approached the car and noticed a strong smell of alcohol when appellant rolled down the window. There was vomit on the dashboard, across the steering wheel, and all over appellant's clothes. Hicks asked appellant if she had been drinking and she admitted that she had. After asking appellant to get out of her car, Officer Hicks administered a field sobriety test during which appellant cursed at the officers and was verbally combative. Hall observed that appellant was swaying and unable to keep her balance. Believing that she was intoxicated, the officers took her to jail. Once there, appellant refused to take a breathalyzer test or to engage in a sobriety test in front of a video camera.

After trial, defense counsel was advised by the court and the court reporter that approximately thirty-five minutes of testimony was lost and would not be part of the record. Appellant filed a motion for new trial. At the hearing on appellant's motion, the court reporter testified that his recording machine had failed to engage at the beginning of trial and that, as a result, approximately "thirty to thirty five minutes" of the trial was not recorded. Officers Hall and Hicks were the only two witnesses called by the prosecution

---

1. Appellant's only point of error in the Court of Appeals claimed, "The trial court erred in not granting appellant's motion for new trial according to Texas Rules of Appellate Procedure Rule 50(e)."

to testify. The court reporter stated that the "testimony not recorded is the first direct examination and part of the cross-examination of the first witness," Officer Hall.[2]

## II. Which rule applies?

█ In adopting the current Texas Rules of Appellate Procedure, we stated:

These amended rules take effect September 1, 1997. Unless this order provides otherwise, they shall govern all proceedings in motions for new trial, appeals, petitions for discretionary review, and petitions or applications for extraordinary writs thereafter brought and in all such proceedings then pending, except to the extent that in the opinion of the court their application in a particular proceeding then pending *would not be feasible* or would *work injustice,* in which case the former procedure may be allowed.

Order Approving the Texas Rules of Appellate Procedure, Misc. Docket No. 97–9134 (Tex.Crim.App.—August 15, 1997). (Emphasis added).

Appellant argues that application of the new rule in her particular case is infeasible and works injustice because application of the new rule instead of the former rule may change the result of her appeal. Under former Rule 50(e), if part of the record was lost or destroyed and the appellant was not at fault, the appellate court would reverse the conviction and remand the case for a new trial without conducting a harm analysis.[3] *Perez v. State,* 824 S.W.2d 565, 568 (Tex. Crim.App.1992). To the extent that the new rule requires that a harm analysis be conducted, appellant claims that she has been deprived of a reversal that she would have procured if the former rule had been applied.

We have recently rejected this type of contention in *Fowler v. State,* 991 S.W.2d 258, (Tex.Crim.App. 1999). In *Fowler,* the Tenth Court of Appeals affirmed Fowler's conviction after finding an error to be harmless under current Tex.R.App. P. 44.2(b). *Fowler,* at 260. That court opined that, had it applied former Rule 81(b)(2), the defendant would have been entitled to relief. *Fowler,* at 261. On petition for discretionary review, we affirmed, holding that a mere change in outcome did not constitute injustice. Like *Fowler,* the present case involves a harm analysis question. While *Fowler* addressed two differing harm standards and the present case concerns whether a harm analysis applies at all, both cases involve differences between former and present rules that are critical to determining whether a conviction should be reversed due to a procedural irregularity or whether the conviction should be affirmed on the ground that the error is harmless. And, as in *Fowler,* appellant does not attempt to show injustice through any means other than the change in outcome produced by the divergent standards contained in the rules. The holding in *Fowler* dictates the answer to appellant's first ground for review. Current Rule 34.6(f) applies to this case.

## III. Harm analysis

█ Under the current rule Tex.R.App. P. 34.6(f), a court should grant a new trial only when the lost or destroyed record is necessary to resolving the appeal:

An appellant is entitled to a new trial under the following circumstances:

(1) if the appellant has timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of

**2.** These facts can be distinguished from circumstances where portions of the trial proceedings were not recorded by the court reporter. See *Williams v. State,* 937 S.W.2d 486 (Tex.Crim. App.1997). In this case the court reporter mistakenly believed that the entire trial proceedings were being electronically recorded. What makes this case unique is that the opening arguments and a portion of the direct examination were not lost due to a human error, but rather a mechanical error.

**3.** "[I]f the appellant has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial unless the parties agree on a statement of facts." Tex.R.App. P. 50(e) (repealed effective Sept. 1, 1997).

the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, *is necessary to the appeal's resolution;* and

(4) if the parties cannot agree on a complete reporter's record.

(Emphasis added).

Appellant contends that a harm analysis cannot apply because an incomplete record, by virtue of its incompleteness, does not contain the data necessary to determine whether harm has occurred. We disagree.

Rule 34.6(f)(3) specifies that a new trial may be granted only if the missing portion of the record "is necessary to the appeal's resolution." That provision is itself a harm analysis. If the missing portion of the record is not necessary to the appeal's resolution, then the loss of that portion of the record is harmless under the rule, and a new trial is not required. In enacting that provision of the rule, we necessarily rejected the contention that a missing record could never be found unnecessary to an appeal's resolution.

Further, that a kind of error may, in some (or even most) instances, result in inadequate data to determine whether harm has occurred is not sufficient justification for failing to conduct a harm analysis. Concerning the application of the harmless error standard found in former Tex.R.App. P. 81(b)(2) (now Rule 44.2), we held "appellate courts should not foreclose entire categories of error from harmless error review merely because such errors may *generally* resist a meaningful harmless error determination." *Cain v. State,* 947 S.W.2d 262, 264 (Tex.Crim.App.1997)(emphasis in original). We find that reasoning equally applicable to the present context. Although the lack of a record may in some cases deprive an appellate court of the ability to determine whether the absent portions are necessary to the

appeal's resolution, an automatic rule of reversal is not justified.[4]

The judgment of the Court of Appeals is affirmed.

4. Appellant does not contend that the Court of Appeals erred in concluding that the missing portions of the record were unnecessary to the appeal's resolution.