NO. 12-99-00239-CR





IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


MICHAEL LEE ROBERTSON,
§
 APPEAL FROM THE 282nd

APPELLANT


V.
§
 DISTRICT COURT


STATE OF TEXAS,

APPELLEE
§
 DALLAS COUNTY, TEXAS

 

PER CURIAM


 Michael Lee Robertson ("Appellant") appeals his conviction and sentence for aggravated
robbery. Appellant raises two issues on appeal. We affirm.


Background


 Appellant was charged with aggravated robbery which occurred on November 9, 1998. (1) The
aggravated robbery offense was tried together with the forgery offense. Witnesses testified
Appellant assaulted and robbed the victim of a check on November 9, 1998, and then forged and
cashed the check on November 10, 1998. Appellant testified that the victim had given him the
check, which he cashed. The jury convicted Appellant. The trial court assessed punishment at two
years of imprisonment.


Jury Charge Inclusion of Definition


of "Beyond a Reasonable Doubt"


 In his first issue, Appellant contends that the jury charge was fundamentally erroneous
because it contained a definition of "beyond a reasonable doubt."

 Prior to November 6,1991, the term "beyond a reasonable doubt" was not defined for a Texas
jury. On November 6, 1991, the court of criminal appeals issued its opinion in Geesa v. State, 820
S.W.2d 154, 162 (Tex. Crim. App. 1991), in which it required the inclusion of a definition of
"beyond a reasonable doubt." (2)
 See also Reyes v. State, 938 S.W.2d 718, 721 (Tex. Crim. App. 
1996). On October 4, 2000, the court of criminal appeals issued its opinion in Paulson v. State, 28
S.W.3d 570, 573 (Tex. Crim. App. 2000), wherein it ended the requirement that the trial court's jury
charge contain the "beyond a reasonable doubt" definition. At the time of Appellant's trial on May
24, 1999, Geesa, was in effect and required the trial court to include a "beyond a reasonable doubt"
definition in the jury charge. The jury charge in Appellant's trial contained the definition of beyond
a reasonable doubt as required by Geesa.

 Appellant contends that it was reversible error for the trial court to have included a Geesa
definition in its instructions to the jury. Appellant did not object to the proposed jury charge
including the Geesa reasonable doubt definition. Appellant admits that, pursuant to Almanza v.
State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985), he must demonstrate both error and egregious
harm from the uncomplained-of charge error.

 A trial's procedural issues are governed by the law in effect at the time of the trial. Smith
v. State, 907 S.W.2d 522, 534 (Tex. Crim. App. 1995); Montez v. State, 975 S.W.2d 370, 372 (Tex.
App.--Dallas 1998, no pet.). Therefore, the trial court correctly included the Geesa jury charge
instruction regarding "beyond a reasonable doubt." Appellant's first issue is overruled.


Transcript of Voir Dire
 

 In his second issue, Appellant contends he is entitled to a new trial because, although he
requested a transcription of the voir dire in his trial, the reporter's record for the voir dire was not
produced and filed. Appellant speculates that various errors could have occurred in the missing voir
dire transcription. Specifically, Appellant contends that there is no data showing whether the trial
court erred in (1) overruling his objection to improper voir dire by the State, (2) restricting his right
to full voir dire examination of the venire, (3) granting or denying a challenge for cause, or (4)
overruling a challenge to the array. Further, Appellant asserts that there is no data concerning
whether (1) his counsel was ineffective in conducting voir dire, (2) the jury was sworn, or (3) the
State exercised a peremptory challenge based on race.

 Appellant admits the court of criminal appeals' decision in Issac v. State, 989 S.W.2d 754
(Tex. Crim. App. 1999), is controlling. In Issac, the court of criminal appeals stated that, in the
event a portion of record is lost or destroyed, a new trial is required if, among other factors, ". . . the
lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is
necessary to the appeal's resolution." Id. at 757 (emphasis in original), citing Tex. R. App.
34.6(f)(3). The Issac court reasoned that, if, under rule 34.6(f), ". . .the missing portion of the record
is not necessary to the appeal's resolution, then the loss of that portion of the record is harmless
under [34.6(f)], and a new trial is not required." Id. The court concluded that "[i]n enacting that
provision of the rule, we necessarily rejected the contention that a missing record could never be
found unnecessary to an appeal's resolution." Id. Further, the Issac court held that when the loss
of a portion of a reporter's record does not ". . .deprive an appellate court of the ability to determine
whether the absent portions are necessary to the appeal's resolution, an automatic rule of reversal
is not justified." Id. The appellant has the burden of demonstrating that the missing portion of the
record is "necessary to the appeal's resolution." See id.; Alvear v. State, 25 S.W.3d 241, 245 (Tex.
App.-San Antonio 2001, no pet.). 

 The clerk's record in this case reveals that the twelve jurors were chosen from among the first
twenty-three members of the venire panel. Appellant only exercised three of his ten peremptory
strikes within the portion of the venire panel that would comprise the jury. Six of the first twenty-three venire members were struck by agreement. In addition, neither the trial court's docket sheet
nor the court's voir dire list or notes reflect (1) a challenge for cause by either side, (2) a request for
a Batson (3) hearing by the Appellant, or (3) a challenge to the array. Further, neither the docket sheet
nor the court's notes show any objection by either side or any restrictions placed on voir dire. The
trial court's notes reflect that the State used thirty-nine minutes to examine the panel, while the
Appellant used thirty minutes. Finally, the docket sheet shows that the jury was sworn.

 Based on the record before us, we conclude that Appellant has failed to show that the missing
voir dire transcription is necessary to the appeal's resolution. See Tex. R. App. P. 34.6(f)(3); Issac,
989 S.W.2d at 757. With regard to Appellant's alleged inability to show that his counsel was
ineffective due to the missing voir dire transcription, we note that without a record showing
counsel's trial strategy, direct appeal is generally not the appropriate vehicle for establishing a claim
of ineffective assistance. Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). 
Appellant's second issue is overruled.

 Having found no reversible error, we affirm the trial court's judgment.


Opinion delivered December 19, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.


 












(DO NOT PUBLISH)
1. Appellant was also charged with forgery, which occurred on November 10, 1998, and which is also on
appeal, in cause number 12-00-00076-CR.
2. The Geesa definition of "beyond a reasonable doubt" is as follows:


 A 'reasonable doubt' is a doubt based on reason and common sense after a careful and
impartial consideration of all the evidence in the case. It is the kind of doubt that would make a
reasonable person hesitate to act in the most important of his own affairs.


 Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character
that you would be willing to rely and act upon it without hesitation in the most important of your
own affairs.


Id.

 

3. Batson v. Kentucky, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986).