NUMBER 13-03-00031-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG 
                                                                                                      

GEORGE OSCAR RODRIGUEZ,                                                 Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                       

On appeal from the 344th District Court of Chambers County, Texas
                                                                                                                       

                                              MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Baird



Memorandum Opinion by Justice Baird
         Appellant was charged by indictment with the offense of murder. A jury convicted
appellant of the charged offense and assessed punishment at ninety-nine years
confinement in the Texas Department of Criminal Justice–Institutional Division. Shortly
after his conviction, appellant filed a timely pro se notice of appeal which was misplaced
by the district clerk’s office. Appellant subsequently filed an application for writ of habeas
corpus seeking permission to appeal his conviction and sentence, and the Texas Court of
Criminal Appeals granted permission to appeal. We affirm the judgment of the trial court.
          During appellant’s 1995 trial, thirty-eight exhibits were admitted into evidence.
Appellant contends these exhibits “were lost, misplaced, or destroyed during the several
year delay of the appeal thereby denying appellant a complete record for review. The rules
as they existed at the time of Appellant’s conviction, as interpreted by the Texas Court of
Criminal Appeals, require a new trial under these circumstances.” 
          Rule 34.6(f) of the Texas Rules of Appellate Procedure, in effect since September
1, 1997, governs situations where a portion of the appellate record has been lost or
destroyed. Issac v. State, 989 S.W.2d 754, 756-57 (Tex. Crim. App. 1999). Under that
rule, an appellant is entitled to a new trial under the following circumstances:
(1) if the appellant has timely requested a reporter's record;
(2) if, without the appellant's fault, a significant exhibit or a significant
portion of the court reporter's notes and records has been lost or
destroyed or–if the proceedings were electronically recorded–a 
significant portion of the recording has been lost or destroyed or is
inaudible;
(3) if the lost, destroyed, or inaudible portion of the reporter's record . . .
is necessary to the appeal's resolution; and
(4) if the parties cannot agree on a complete reporter's record.
Tex. R. App. P. 34.6(f) (emphasis supplied).



          In determining whether to apply former rule 50(e) which was in effect at the time of
appellant’s trial, or current rule 34.6, we apply the latter unless application of the current
rule would not be feasible or would work injustice. Order Approving the Texas Rules of
Appellate Procedure, Misc. Docket No. 97-9134 (Tex. Crim. App.–August 15, 1997); Isaac,
989 S.W.2d at 756. In the instant case, we hold that applying the current rule is neither
infeasible or unjust.


 Therefore, we will proceed under rule 34.6(f).
          The appellant must establish the missing portion of the record "is necessary to the
appeal's resolution." Routier v. State, 112 S.W.3d 554, 571 (Tex. Crim. App. 2003);
Doubrava v. State, 28 S.W.3d 148, 151 (Tex. App.–Eastland 2000, no pet.). We conduct
a harm analysis in determining if the missing record is necessary for the resolution of the
appeal. If the lost or destroyed record is not necessary to the appeal's resolution, the loss
of that portion of the record is harmless, and a new trial will not be required. Issac, 989
S.W.2d at 756-57.
          Importantly, the court reporter’s record is complete, only the exhibits are missing. 
This record contains a description of each of the thirty-eight missing exhibits. Appellant
argues the exhibits are necessary “to determine if Appellant received effective assistance
of counsel at trial.” Beyond this broad statement, appellant does not advance any claim
of ineffective assistance of counsel. Therefore, we read appellant’s brief as presenting
only the speculative argument that perhaps a claim of ineffective assistance of counsel
could be raised if the exhibits were available to appellate counsel. We hold this argument
is too tenuous to establish the exhibits are, in fact, necessary to any issue raised by this
appeal. Accordingly, we hold the missing exhibits are unnecessary to this appeal's
resolution. Isaac, 989 S.W.2d at 756-57. Therefore, appellant has not been harmed by
their loss. Id. Consequently, application of rule 34.6(f) in this case does not work an
injustice. Id. at 756. We overrule appellant's sole point of error.



          The judgment of the trial court is affirmed.


                                                                                                                    
                                                                           CHARLES F. BAIRD
                                                                           Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed this
the 19th day of August, 2004.