**Reinstated; Motion Granted; Affirmed in Part and Reversed and Remanded in Part, and Memorandum Opinion filed September 27, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00031-CR

---

### RAYMOND EDWARD LEAL, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 208th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1227701**

---

## M E M O R A N D U M   O P I N I O N

Appellant entered a plea of guilty to murder and proceeded to a jury trial on punishment. In accordance with the jury's verdict, the trial court sentenced appellant on December 9, 2011, to confinement for ninety-nine years in the Institutional Division of the Texas Department of Criminal Justice and assessed a $10,000 fine. Appellant timely appealed and counsel was appointed to represent him on appeal. On December 30, 2011, counsel filed a request for the reporter's record, including the testimony of all witnesses at the hearing on punishment.

Brenda Burleigh, the court reporter who reported the testimony in appellant's punishment trial died unexpectedly before the record in this appeal was prepared. B.J. Orsack, the official court reporter for the 174th District Court, assisted by Rhonda Campos, Ms. Burleigh's scopist, and Cheryl Pierce, another court reporter, transcribed the record that had been taken by Brenda Burleigh. On June 4, 2012, B.J. Orsack filed six volumes of reporter's record in this appeal.

Appellant asserts that the record is incomplete, and on June 25, 2012, appellant filed an unopposed motion in this court to abate the appeal and remand to the trial court for a hearing concerning the missing portions of the reporter's record. According to appellant's motion, the testimony of eight of the State's thirteen witnesses is missing in whole or in part from the record. Specifically, appellant alleges that the testimony of the following witnesses is missing in whole or in part:

1. Officer R. Hernandez;
2. Officer R. Abdala;
3. Officer M. Skinner;
4. Jennifer Vasquez;
5. Hugh James;
6. Odette Elliston;
7. Deputy Ritchie; and
8, Deputy Palacios.

Included in the reporter's record are the following notes from B.J. Orsack explaining the missing record:

(Note: Based on the handwritten worksheet of the certified official reporter who reported this trial, Brenda Burleigh, now deceased, her real-time setup turned off at this point in the trial. After a careful and tedious search and review of her computer and office, no steno or computer notes, whether electronic, physical or otherwise, have been located for transcription to be included in the reporter's record of the following witnesses: The remainder of Officer R. Hernandez, Officer R. Abdala, and Officer M. Skinner. According to the handwritten notes of the certified official reporter, the following exhibits were offered during these proceedings and have been

2

included as part of the reporter's record: State's Exhibit Nos. 5, 6, 8, 10, 11 and 47.).     *           *          *

(Note: Based on the handwritten worksheet of the certified official reporter who reported this trial, Brenda Burleigh, now deceased, her real-time setup turned off at this point in the trial. After a careful and tedious search and review of her computer and office, no steno or computer notes, whether electronic, physical or otherwise, have been located for transcription to be included in the reporter's record of the following witnesses: The remainder of Jennifer Vasquez, Hugh James, Odette Elliston, Deputy Ritchie, and Deputy Palacios. According to the handwritten notes of the certified official reporter, the following exhibits were offered during these proceedings and have been included as part of the reporter's record: State's Exhibit Nos. 13 through 30, 31 through 52, and 53 through 66.).

Appellant's motion was supported by affidavits from B.J. Orsack, Cheryl Pierce, and Rhonda Campos, who attested that they had made a diligent search but were unable to locate for any notes or records concerning the missing testimony. In addition, appellant certified that Assistant District Attorney Alan Curry, counsel for the State, had no opposition to abatement for a hearing. Accordingly, we granted appellant's motion to abate and directed the trial court to conduct a hearing and make findings in accordance with Texas Rule of Appellate Procedure 34.6(f), which governs the procedure for cases in which the reporter's record is lost or destroyed.

On August 15, 2012, the trial court conducted a hearing, at which affidavits from B.J. Orsack, Cheryl Pierce, Rhonda Campos, and appellant's counsel were admitted. Counsel for appellant presented argument, but counsel for the State declined to present argument. At the conclusion of the hearing, the trial court made the following findings of fact:

1.      Defendant Raymond Edward Leal ("Defendant") has timely requested a reporter's record;

2.      Without any fault on the part of Defendant, a significant portion of the court reporter's notes and records has been lost or destroyed;

3.      The lost or destroyed portion of the reporter's record is necessary to the appeal's resolution; and

4.      The lost or destroyed reporter's record cannot be replaced by

3

agreement of the parties.

The trial court's findings and the reporter's record from the abatement hearing have now been filed in this court. On September 7, 2012, appellant filed a motion to remand the cause to the trial court for a new trial. No response to the motion was filed.

We review cases involving the loss or destruction of the record from appellant's standpoint, and we resolve any reasonable doubt in appellant's favor. *Routier v. State,* 112 S.W.3d 554, 570-71 (Tex. Crim. App. 2003). The question of whether a missing portion of the reporter's record is necessary to the appeal's resolution is essentially a harm analysis. *Routier,* 112 S.W.3d at 571; *see also Issac v. State*, 989 S.W.2d 754, 757 (Tex. Crim. App. 1999).

The trial court's findings are supported by the evidence in our record. All or portions of the testimony of eight of the State's thirteen witnesses are missing. According to the affidavits from the three individuals who attempted to complete the record on behalf of the deceased court reporter, the missing portions of the court reporter's notes and records are irretrievable. Therefore these missing portions are "lost" as contemplated by Rule 34.6(f). *See Johnson v. State*, 151 S.W.3d 193, 196 (Tex. Crim. App. 2004) (holding that a court reporter's notes and records, or portions thereof, can be considered "lost" only if the missing portions of the appellate record are irretrievable). Numerous exhibits were admitted through the witnesses whose testimony is lost. In his affidavit admitted at the abatement hearing, appellant's counsel averred that he is unable to determine the admissibility, relevance, or authenticity of the exhibits admitted at the punishment trial. He further stated in his affidavit that he is unable to determine what was said during the "vast" parts of the punishment trial that are lost, and he cannot determine whether objections or proffers were made. Moreover, he cannot determine whether appellant was afforded effective assistance of counsel. Counsel avers that he cannot make an argument concerning the effectiveness of counsel and he cannot perform a proper harm analysis. He further asserted that he and counsel for the State had been "unable to reach any agreement as to the substance of the missing record." We conclude that the

4

missing record is necessary to the resolution of the appeal of appellant's ninety-nine year sentence.

Based on the evidence presented at the abatement hearing and the trial court's findings, we conclude that appellant is entitled to a new trial on punishment. *See* Tex. R. App. P. 34.6(f) (providing that appellant is entitled to a new trial when a significant portion of the reporter's record necessary to the appeal is lost or destroyed through no fault of appellant); *see also Kirtley v. State,* 56 S.W.3d 48, 51-2 (Tex. Crim. App. 2001) (holding that a potential claim of ineffective assistance of counsel at the punishment hearing makes a lost record "necessary to the appeal's resolution"). The missing record from the punishment hearing is not "necessary to the appeal's resolution," however, with respect to the trial court's finding of appellant's guilt pursuant to his plea of guilty. Therefore, the error resulting from the lost record is harmless with respect to appellant's conviction.

Accordingly, we reinstate the appeal and grant appellant's motion to remand with respect to the trial on punishment. We reverse the trial court's judgment as to punishment and remand the cause to the trial court for a new trial on punishment.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Brown and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).