

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00245-CR

_____

ANTONIO MARKEITH O'NEAL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Red River County, Texas
Trial Court No. 59CR1100

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

In 2001, Antonio Markeith O'Neal entered an open plea of nolo contendere to and was convicted of aggravated robbery with a deadly weapon. O'Neal elected for the trial court to assess punishment. After a lengthy trial on punishment, which included testimony from O'Neal's victim and other witnesses to the crime, the trial court sentenced O'Neal to ninety-nine years' imprisonment and ordered him to pay restitution and a $10,000.00 fine. Twelve years later, the Texas Court of Criminal Appeals granted O'Neal an out-of-time appeal.

On appeal, O'Neal complains chiefly about three exhibits that allegedly went missing shortly after trial: the stipulation of evidence made during O'Neal's plea of nolo contendere, the rifle wielded at the time of the robbery, and the vacuum cleaner used during the course of the robbery to beat some of the victims. We affirm the trial court's judgment because (1) O'Neal is not entitled to a new trial based on the "lost" exhibits, (2) O'Neal has not shown ineffective assistance of appellate counsel based on the lack of exhibits, (3) O'Neal has not demonstrated that his sentence is cruel and unusual, and (4) O'Neal has not demonstrated that his trial counsel was ineffective.

*(1)    O'Neal Is Not Entitled to a New Trial Based on the "Lost" Exhibits*

O'Neal argues that the "missing" exhibits are significant and necessary to the appeal's resolution.

He suggests that the State offered a stipulation of evidence but that "the contents of the stipulation are unknown because it has been lost." O'Neal posits that the stipulation is needed to determine whether he was properly admonished before his plea or whether stipulating to the

evidence was bad legal advice from trial counsel. Although the record demonstrates that the written stipulation of evidence was admitted as an exhibit, the reporter's record does not include the written stipulation. Instead, the stipulation is found in the clerk's record. The clerk's record shows that O'Neal stipulated to the evidence against him in writing and judicially confessed that he used or exhibited a deadly weapon—a rifle—and intentionally or knowingly threatened or placed Julian Castillo in fear of imminent bodily injury or death while in the course of committing theft of property.[1]

Because O'Neal's written stipulation of evidence is included in the clerk's record, we find that his complaints are without merit to the extent they are based on the allegedly missing stipulation. *See Johnson v. State*, 151 S.W.3d 193, 196 (Tex. Crim. App. 2004) (defendant not entitled to new trial on basis of lost or destroyed reporter's record unless record is irretrievable).

Citing to the vacuum cleaner and rifle, which are missing from the reporter's record, O'Neal complains that their absence is harmful because (1) his appellate counsel cannot provide effective assistance since he cannot review the missing exhibits, (2) "we cannot determine whether the [trial] court fulfilled its duty to consider all the evidence because we don't know what the evidence was,"[2] and (3) he is not able "to properly appeal the proportionality of his

---

[1] O'Neal argues that we cannot adequately review whether he was properly admonished because the "written plea documents have been lost." The trial court's admonishments are also found in the clerk's record.

[2] The transcript of the punishment trial demonstrated that the trial court was able to observe the rifle and vacuum cleaner and, in assessing punishment, considered testimony from several witnesses of the armed robbery and a presentence investigation showing a history of violent offenses committed by O'Neal.

3

sentence because of the missing evidence."[3]  Thus, O'Neal argues that he is entitled to a new trial as a result of the other missing exhibits.

O'Neal is entitled to a new trial if "a significant exhibit . . . has been lost or destroyed" and "the lost or destroyed exhibit . . . is necessary to the appeal's resolution."  TEX. R. APP. P. 34.6(f)(2), (3).  "The provision in the rule that the appellant show that the missing portion of the record is necessary to h[is] appeal is itself a harm analysis."  *Routier v. State*, 112 S.W.3d 554, 571 (Tex. Crim. App. 2003) (citing *Issac v. State*, 989 S.W.2d 754, 757 (Tex. Crim. App. 1999)).  Here, we cannot fathom, and O'Neal has failed to show or explain, aside from conclusory statements, why the missing rifle and vacuum cleaner exhibits are significant and necessary for appellate purposes.  Therefore, the loss of these exhibits is harmless, and a new trial is not required.  *Id.* at 571–72; *Issac v. State*, 989 S.W.2d 754, 757 (Tex. Crim. App. 1999).

*(2)    O'Neal Has Not Shown Ineffective Assistance of Appellate Counsel Based on the Lack of Exhibits*

O'Neal also claims that his appellate counsel cannot be effective without the exhibits in question.  We agree with O'Neal that appellate counsel's professional obligation is to review the full record to provide him adequate representation.  We disagree that the lack of the physical rifle and vacuum cleaner poses any problem.

As we state above, we cannot fathom why the missing rifle and vacuum cleaner are significant and necessary for appellate purposes here, especially given that the review is focused on the punishment.

---

[3]O'Neal did not raise claims of cruel and unusual punishment below.  Thus, that contention is not preserved for review.  *See* TEX. R. APP. P. 33.1(a); *Stewart v. LaGrand*, 526 U.S. 115, 119 (1999); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd).

*(3)      O'Neal Has Not Demonstrated that His Sentence Is Cruel and Unusual*

O'Neal also asserts that, because of the lost exhibits, he is blocked from demonstrating that his sentence is improper. We agree that he has not demonstrated that his sentence is cruel and unusual. And we observe that no reasoning has been presented as to how the absence of the exhibits would affect our review of the punishment in this case.

*(4)      O'Neal Has Not Demonstrated that His Trial Counsel Was Ineffective*

O'Neal also claims that, without the lost exhibits, he cannot demonstrate the ineffectiveness of his trial counsel. Again, we must agree that he has not demonstrated the ineffective assistance of his trial counsel. And, again, we fail to see how the presence of the two physical exhibits could possibly change that.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:      July 24, 2014
Date Decided:        August 12, 2014

Do Not Publish