

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| JESSE VASQUEZ, | | No. 08-17-00187-CR |
| | § | |
| APPELLANT, | | Appeal from the |
| | § | |
| V. | | 409th District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | | |
| APPELLEE. | § | (TC# 20130D02392) |

## OPINION ON MOTION

Appellant, Jesse Vasquez, is appealing his convictions for the capital murder of Miriam Salas-Aguirre and the aggravated assault of Enrique Contreras. The appeal is before the Court on Appellant's motion requesting that we order a new trial due to the loss of a portion of the reporter's record. *See* TEX.R.APP.P. 34.6(f). The Court initiated an inquiry regarding the record when court reporter Lisa DeMello did not timely file her portion of the reporter's record. *See* TEX.R.APP.P. 35.3(c)("The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed."). We ordered the trial court to conduct a hearing to determine the status of the reporter's record and to make certain determinations pursuant to Rule 34.6(f). The record of the remand hearing and the trial court's findings have been filed.

At our request, the parties have filed letter briefs addressing the issues. In his letter brief, Appellant requests that we grant him a new trial due to the loss of this portion of the record.

Consequently, we have construed Appellant's letter brief as a motion. Finding that Appellant has not demonstrated that the missing portion of the record is necessary to the appeal, we deny Appellant's motion to order a new trial pursuant to Rule 34.6(f) and order that the appeal proceed to briefing on the merits.

## PROCEDURAL SUMMARY

The reporter's record has been filed except for a portion of the trial transcribed by substitute court reporter Lisa DeMello on May 22, 2017. When Ms. DeMello did not file her portion of the reporter's record, the Court ordered the trial court to conduct a hearing pursuant to Rule 34.6(f). At the hearing, the parties stipulated that: (1) Appellant timely requested the reporter's record; (2) a significant part of the reporter's record has been lost without any fault on the part of Appellant; (3) the missing notes are lost and there is no electronic or other type of backup which would allow for another court reporter to prepare the record; (4) the parties have not been able to agree to substitute or replace the missing portion of the record; and (5) the missing portion of the record includes the defendant's pleas to the charges against him, the parties' opening statements, and the testimony of El Paso Police Officers Ana Artalejo and Ruben Villarreal. It is undisputed that the exhibits admitted during this portion of the trial have not been lost and are included in the record.

In its written findings of fact, the court determined that:

- the testimony of each police officer was 'important and vital to the entirety of the jury trial;'

- the parties have a bona fide dispute regarding the substance of the missing portion of the reporter's record;

- Appellant has shown that the merits of his appeal have been harmed by the missing portion of the reporter's record;

- Appellant has demonstrated that there actually was error found in the missing portion of the record that cannot be resolved with reasonable confidence of accuracy without the missing portion of the record;

- Appellant has shown that the merits of his appeal have been harmed by the missing portion of the reporter's record; and

- the missing portion of the reporter's record contains the predicate for admissibility of State's Exhibits 1A-124 and all of Appellant's objections to the same exhibits.

Additionally, the court included the following as conclusions of law:

- Appellant specifically articulated various points of error that occurred in the missing portion of the record;

- Appellant has demonstrated that there was error that cannot be resolved with reasonable confidence of accuracy without the missing portion of the reporter's record; and

- Appellant has shown that the merits of his appeal have been harmed by the missing portion of the reporter's record.

Based on these findings and conclusions, the trial court concluded that the missing reporter's record is necessary to the resolution of the appeal.

## LOST PORTION OF REPORTER'S RECORD

An appellant is entitled to a new trial due to a missing portion of the reporter's record when: (1) the appellant has timely requested the reporter's record; (2) a significant portion of the court reporter's notes have been lost or destroyed without the appellant's fault; (3) the lost or destroyed portion of the reporter's record is necessary to the appeal's resolution; and (4) the lost or destroyed portion of the reporter's record cannot be replaced by agreement of the parties. TEX.R.APP.P. 34.6(f). The parties' dispute is centered on the third element.

To be entitled to a new trial under Rule 34.6(f), an appellant must show that the missing

record is necessary to resolve the appeal. *See* TEX.R.APP.P.34.6(f)(3). This requirement did not exist in Rule 34.6's predecessor, former Rule 50(e). *See Nava v. State*, 415 S.W.3d 289, 306 (Tex.Crim.App. 2013), *citing Gomez v. State*, 962 S.W.2d 572, 574 (Tex.Crim.App. 1998) (quoting from former Rule 50(e), which does not contain the requirement that the missing record be necessary to the resolution of the appeal). The third element is essentially a harm analysis. *See Nava*, 415 S.W.3d at 306; *Routier v. State*, 112 S.W.3d 554, 571-72 (Tex.Crim.App. 2003); *Issac v. State*, 989 S.W.2d 754, 756–57 (Tex.Crim.App. 1999). If the missing portion of the record is not necessary for the resolution of the appeal, then its loss is harmless and a new trial is not required. *Routier*, 112 S.W.3d at 571-72; *Issac*, 989 S.W.2d at 757.

Rule 34.6(f)(3)'s requirement that the missing record be necessary to resolution of the appeal is meant to mitigate against the harshness of a rule that might require a new trial even when no error actually occurred in the proceedings. *Nava*, 415 S.W.3d at 306. The appellant does not satisfy his burden under Rule 34.6(f) by suggesting or speculating that the missing record or exhibit might show error. *See Routier*, 112 S.W.3d at 571 (defendant's suggestion that missing jury instructions might have been erroneous did not demonstrate that the missing part of the record was necessary to the appeal); *Foster v. State*, 525 S.W.3d 898, 907 (Tex.App.--Dallas 2017, pet. ref'd)(defendant failed to show that missing portion of the record was necessary to the appeal where he stated he could not determine what happened during the punishment phase of trial); *Jimenez v. State*, 307 S.W.3d 325, 334 (Tex.App.--San Antonio 2009, pet. ref'd)(appellant's suggestion that missing portion of record potentially could have assisted him on appeal not sufficient to show that the missing record is necessary to the appeal). The appellant must identify

- 4 -

specific error and show that the missing record is necessary to its resolution. *See Routier*, 112 S.W.3d at 571; *Foster*, 525 S.W.3d at 907.

The trial court's determination that the missing portion of the record is necessary to the appeal is a mixed question of law and fact which does not turn on an evaluation of credibility and demeanor. Therefore, we will review it *de novo*. *See Roman v. State*, No. 08-13-00019-CR, 2014 WL 886877, at *2 (Tex.App.--El Paso Mar. 5, 2014, no pet.)(not designated for publication), *citing Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997)(mixed questions of law and fact not turning on an evaluation of witness credibility and demeanor are reviewed *de novo*); *see also Beal v. State*, No. 01-12-00896-CR, 2016 WL 1267805, at *6 (Tex.App.--Houston [1st Dist.] Mar. 31, 2016, no pet.)(mem. op., not designated for publication)(applying the *Guzman v. State* standard of review when evaluating trial court's conclusion of law that the appellant was entitled to a new trial); *Lucas v. State*, No. 05-01-00078-CR, 2003 WL 21771333, at *4 (Tex.App.--Dallas Aug. 1, 2003, pet. ref'd)(not designated for publication)(determining that it would apply the *Guzman v. State* standard when evaluating trial court's findings and conclusions made in the context of Rule 34.6(f)).

Appellant's letter brief focuses on the significance of the police officers' testimony and argues that it is important to the appeal, but significance is not determinative of the requirement that the record is necessary to the appeal. A showing of significance is part of the second element, but it does not substitute for showing that the missing record is necessary to the resolution of the appeal. Presumably, the testimony of every witness is significant to the case or the person would not have been called as a witness. A witness's testimony may be particularly significant, but if the

appellant fails to show that error occurred during the testimony or that the witness's testimony is needed to resolve a claim of error raised on appeal, then the record of the testimony is not necessary to resolution of the appeal under Rule 34.6(f)(3).

Pointing to the admission of State's Exhibits 1A through 124 during this portion of the trial, Appellant argues that without the record it is unknown whether the State laid the proper predicate for admission of each exhibit. Appellant has not identified any error which occurred with respect to the admission of these exhibits. Assistant District Attorney James Montoya tried the case and he testified at the remand hearing that he did not recall there being any objections to the exhibits. Appellant did not introduce any evidence that he objected to the exhibits. Appellant's argument that it is unknown whether the State paid the proper predicate amounts to nothing more than speculation that error *might* exist in the missing portion of the record. *See Routier*, 112 S.W.3d at 571; *Foster*, 525 S.W.3d at 907. Consequently, it is insufficient to show that the missing portion of the record is necessary to the appeal. *See Routier*, 112 S.W.3d at 571.

Appellant's letter brief focuses on the trial court's finding of fact that there is a *bona fide* dispute between the parties regarding the substance of the officers' testimony. This finding relates to the fourth element that the record cannot be replaced by agreement of the parties. *See* TEX.R.APP.P. 34.6(f)(4). During the hearing, the State relied on the officers' written reports to show the substance of their testimony. Appellant established through cross-examination of ADA Montoya that while Officer Artalejo's testimony comported with her report, portions of her testimony were not included in the report. Thus, Appellant took the position that the officers' reports could not be replaced by the actual record of the testimony. The trial court's finding that

there is a dispute regarding the substance of the officers' testimony does not support the trial court's determination that the record is necessary to the appeal.

At the hearing and in his letter brief, Appellant asserts that the first officer on the scene, Ana Artalejo, testified about a hearsay statement made by a witness, Alma Dominguez. ADA Montoya testified about his recollection of Artalejo's testimony. When Artalejo arrived on the scene, Dominguez was in a van and attempting to leave the scene with her children. Artalejo prevented Dominguez from leaving and spoke with her. Artalejo observed that Dominguez had bloody hands and was frantic, and she told Artalejo that Appellant had struck her and the deceased victim, Miriam. ADA Montoya recalled that Appellant made a hearsay objection and might have made a "confrontation" objection, but the State elicited testimony from Officer Artalejo to show that it was an excited utterance and an ongoing emergency. The trial court overruled the objections. Even though Appellant's trial attorney was present and participated in the hearing, he did not establish through cross-examination that ADA Montoya's testimony regarding the hearsay statement, the objections, and the trial court's ruling was faulty. Further, he did not offer any testimony to contradict ADA Montoya in this regard. Appellant asserts in his letter brief that ADA Montoya's testimony is not credible because he did not recall other portions of Officer Artalejo's testimony. The trial court did not make an express finding that ADA Montoya lacked credibility with regard to admission of the hearsay statement. Appellant's assertion that error occurred with respect to admission of this hearsay statement is speculative and insufficient to support reversal under Rule 34.6(f).

We conclude that Appellant has not established that the missing record is necessary to the

resolution of any issues he intends to raise on appeal. Accordingly, Appellant's motion requesting a new trial pursuant to Rule 34.6(f) is denied. It is ordered that Appellant's brief on the merits is due to be filed no later than thirty days from the date of this opinion.

September 5, 2018

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)