**Order entered February 27, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

No. 05-18-01068-CR
No. 05-18-01069-CR

**ROBERT HOWARD GREEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F16-76425-T & F16-76426-T**

**ORDER**

Before the Court is appellant's February 18, 2020 motion for clarification of the Court's statement, "Any complaints or arguments about the missing portions of the reporter's record may be raised in the parties' briefs." We **GRANT** appellant's motion as follows.

When the reporter's record was due in these appeals, the Court was notified that a portion of the record appeared to be lost. We abated the appeals for a hearing. After careful consideration of affidavits and live testimony, the trial court

found that a portion of the reporter's record was indeed lost and that appellant was not at fault, having timely requested the record. The lost record concerned the testimony of two State's witnesses on the morning of August 30, 2018: the testimony of Dr. Kristen Reeder with the REACH Clinic at Children's Medical Center and a portion of the testimony of Detective Blayne Burgess with the Dallas Police Department. The parties could not agree on reconstruction or replacement of the lost portion of the record. The trial court found it could not determine what constituted an accurate copy of the missing record, whether or not the lost portion of the record did or did not constitute a significant portion of the reporter's record, or whether the lost portion of the reporter's record is or is not necessary to the resolution of the appeal. We adopted these findings and ordered the remainder of the reporter's record filed along with the briefs of the parties. We noted that any "complaints or arguments about the missing portions of the reporter's record may be raised in the parties' briefs." Seven volumes of reporter's record were filed after which appellant filed his motion for clarification.

Rule 34.6(f) provides that an appellant is entitled to a new trial under the following circumstances:

(1) if the appellant has timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

TEX. R. APP. P. 34.6(f). The rule applies whether the parties are faced with the loss or destruction of the entire record or only a portion of the record. *Routier v. State*, 112 S.W.3d 554, 570 (Tex. Crim. App. 2003). And it specifies that a new trial may be granted only if the missing portion of the record "is necessary to the appeal's resolution." *Issac v.* State, 989 S.W.2d 754, 757 (Tex. Crim. App. 1999). Thus, if the missing portion of the record is not necessary to the appeal's resolution, the loss of that portion of the record is harmless under the rule and a new trial is not required. *Id.*; *see Nava v. State*, 415 S.W.3d 289, 306 (Tex. Crim. App. 2013) (noting that the third requirement—that the missing record be necessary to the appeal—was meant to mitigate against the harshness of a rule that might require a new trial even when no error actually occurred in the proceedings).

In these appeals, the trial court found it "cannot resolve the issue of whether or not the lost portion of the record does or does not constitute a significant portion of the reporter's record and therefore cannot determine whether the lost portion of the reporter's record is or is not necessary to the resolution of the appeal." We

adopted that finding. Thus, to date neither the trial court nor this Court has concluded or found that the lost portion of the reporter's record is necessary to the appeals.

In his brief, appellant may raise whatever issues he deems appropriate, including but not limited to whether the lost portion of the reporter's record is necessary to his appeal.

/s/ ROBERT D. BURNS, III
CHIEF JUSTICE