



## MEMORANDUM OPINION

No. 04-10-00269-CR

David **GARZA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2009-CRS-000735-D4
Honorable Oscar J. Hale, Jr., Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Phylis J. Speedlin, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:   January 5, 2011

AFFIRMED

David Garza ("Garza") appeals his convictions on five counts of indecency with a child

by contact. Garza challenges his convictions in six issues, claiming: (1) there is insufficient

evidence to support his convictions; (2) the trial court erred by allowing the prosecution to

introduce evidence commenting on his constitutional right to remain silent; (3) the trial court

abused its discretion in determining the proper outcry witness; (4) the prosecutor engaged in

prosecutorial misconduct during the course of the underlying proceedings; (5) section 3.03 of the

Texas Penal Code is unconstitutional; and (6) his convictions must be reversed because a significant portion of the record necessary to his appeal has been lost or destroyed through no fault of his own. We affirm.

## BACKGROUND

David and Veronica Garza are the parents of M.G., who was eight years old at the time of trial.[1] M.G.'s abuse came to light after a classmate's parents notified school officials that Garza was purportedly molesting the child. After school officials interviewed M.G., who confirmed that Garza had touched her private parts and made her touch his, officials contacted the police. M.G. was taken to the Children's Advocacy Center for evaluation, where M.G. spoke with a psychologist and a forensic interviewer and reported multiple acts of sexual abuse by her father. Garza was later indicted for five counts of indecency with a child by contact.

Garza pleaded not guilty to the charged offenses and proceeded to a jury trial. The jury found Garza guilty of committing the alleged offenses and assessed punishment at eleven years in prison for each offense. The trial court granted, in part, the State's motion to cumulate Garza's sentences and ordered Garza's sentences for counts one, two, and three to run consecutively while his sentences for counts four and five were ordered to run concurrently with his sentence for count three. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, Garza argues the evidence is legally and factually insufficient to support his convictions. While this appeal was pending, the Court of Criminal Appeals held that only one standard should be used to evaluate the sufficiency of the evidence in a criminal case: legal sufficiency. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Accordingly, we

---

[1] To protect the identity of the victim, we will refer to the child by her initials only.

review the sufficiency of the evidence in this case in accordance with the dictates of *Jackson v. Virginia*, 443 U.S. 307 (1979).

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *Id*. at 879; *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). This court does not sit as a thirteenth juror and may not substitute its judgment for that of the fact finder by re-evaluating the weight and credibility of the evidence. *Williams*, 235 S.W.3d at 750. Our duty as a reviewing court is to ensure the evidence presented actually supports a conclusion that the defendant committed the crime. *Id*.

The sufficiency of the evidence should be measured by the elements of the offense as defined by a hypothetically correct jury charge for the case, not the charge actually given. *Hardy v. State*, 281 S.W.3d 414, 421 (Tex. Crim. App. 2009); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). "Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik*, 953 S.W.2d at 240. We may not, however, affirm a conviction based on legal or factual grounds that were not submitted to the jury. *Id.* at 238 n. 3. The law as authorized by the indictment means the statutory elements of the charged offense as modified by the factual details and legal theories contained in the charging instrument. *Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000). The standard of review is the same for direct and circumstantial evidence cases; circumstantial evidence is as probative as direct evidence in establishing the guilt of the actor. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. App. 2007).

Garza was charged with committing five counts of indecency with a child by contact. A person commits the offense of indecency with a child by contact if, with a child younger than seventeen years and not the person's spouse, the person engages in sexual contact with the child or causes the child to engage in sexual contact. TEX. PENAL CODE ANN. § 21.11(a)(1) (West Supp. 2010).[2] "Sexual contact" includes the following acts, if committed with the intent to arouse or gratify the sexual desire of any person: (1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or (2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person. *Id*. § 21.11(c).

At trial, the State presented testimony from various persons involved in M.G.'s sexual abuse investigation.[3] Michelle E. Jones, M.G.'s elementary school counselor, testified M.G., who was a second grader at the time, made an outcry to her that she was being sexually abused by her father.[4] Jones stated M.G. alleged Garza had touched her private parts and made her touch his. M.G. told Jones that Garza's private part would get big and then "pee," at which time Garza would put M.G.'s mouth near it. She further stated Garza told the child to lick his private part "like a lollipop."

In addition to Jones's testimony, the jury heard the testimony of Dr. Gregorio Pina, a licensed psychologist. Dr. Pina stated he evaluated M.G. following her outcry of abuse. Dr.

---

[2] "Section 21.11(a) was amended in 2009 to remove the requirement that the actor was not the spouse of the child at the time of the offense from the cause of action and instead make the fact that the actor was the spouse of the child at the time of the offense an affirmative defense." *Martinez-Olivares v. State*, No. 03-07-00578-CR, 2009 WL 3907879, at *4 n.10 (Tex. App.—Austin Nov. 19, 2009, no pet.) (mem. op., not designated for publication). The change in law does not apply to this case.

[3] The record shows the jury also heard testimony from several defense witnesses, including several of Garza's other children (A.G., J.G., and D.G.). These witnesses provided testimony suggesting that M.G. was lying about the abuse and had learned about sexual matters by watching pornographic videos with their mother's niece when she was a six-year-old, first grader.

[4] This outcry occurred on November 14, 2007, approximately one year after Garza purportedly began abusing the child.

Pina stated M.G. told him her father had "grabbed [her] hand and put it on his middle part" when she was in the first grade. Dr. Pina stated M.G. demonstrated masturbation as she told him about her father's conduct. According to Dr. Pina, M.G. told him her father had made her do this act five to eight times with him. M.G. further informed Dr. Pina that Garza would "grab[] stuff from his middle and put[] it over [her] mouth" and told her to lick his private part "like a lollipop."[5] M.G. told Dr. Pina that she thought her father's behavior was "yucky" and wished it would stop. Dr. Pina stated M.G. was interviewed multiple times and that the child remained consistent with her allegations of sexual abuse.

Dr. Pina stated M.G. has good moral development and understands the seriousness of her situation. He testified M.G. exhibits symptoms of anxiety and acute stress, including intrusive recollection; difficulty concentrating at school; problems sleeping; hyper-vigilance; loss of self-esteem; bed wetting; and feelings of hopelessness. Dr. Pina stated M.G. suffers from headaches, feels "sick . . . [or] badly," and fears her father.[6] He noted M.G. has an advanced knowledge of sexual matters and "is pretty occupied with sexual matters." Dr. Pina testified M.G.'s behaviors are consistent with child sexual abuse.[7]

The jury further heard M.G. testify about the sexual abuse she endured. M.G. testified she told her school counselor about her father's conduct and reported that he had "made [her] touch his private part" when she was in the first grade. M.G. stated her father would make her hands "go . . . up and down" on his private part "everyday." M.G. described Garza's private part as "wet."

---

[5] M.G. stated she did not taste "the stuff from his middle" part, but noted that it was warm, wet, and white.

[6] He stated M.G. "wants her mother to be home and near her" to prevent any more abuse.

[7] The record indicates the jury viewed the videotape of M.G.'s forensic interview with Lupita Martinez during Dr. Pina's trial testimony. The video interview depicts M.G. discussing the sexual acts committed by her father, including his "grab[bing] her hand and put[ting] it in his private."

Viewing the record evidence in the light most favorable to the verdict, we believe a reasonable fact finder could have found the essential elements of the offense beyond a reasonable doubt. The evidence presented at trial establishes that Garza made M.G. touch his sexual organ and forced the child to masturbate him at least five different times during her first year of elementary school. Accordingly, we hold the evidence is sufficient to support the jury's findings.

Garza argues we must set aside his convictions because the State's case rests on the unbelievable and inconsistent statements of a "mentally disturbed child," M.G., and a biased psychologist, Dr. Pina. Garza's contention, however, concerns the jury's resolution of the weight and credibility of the evidence. As previously noted, this court is bound by the jury's resolution of the weight and credibility of the evidence. *Williams*, 235 S.W.3d at 750. Consequently, we are not persuaded by Garza's contention and overrule his first issue.[8]

## PRE-ARREST SILENCE

In his second issue, Garza complains the trial court erred by allowing the prosecution to introduce evidence commenting on his constitutional right to remain silent. We review a trial court's decision to admit evidence under an abuse of discretion standard. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). An abuse of discretion occurs when the decision of the trial court regarding the admission or exclusion of evidence is "so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Id*.

---

[8] Garza further notes that Dr. Pina improperly commented on the truthfulness of the complainant's testimony at trial. This complaint, however, is not preserved for appellate review because Garza failed to object at the proper times during Dr. Pina's testimony. *See Lopez v. State*, 253 S.W.3d 680, 684 (Tex. Crim. App. 2008) (noting an objection must be made each time inadmissible evidence is offered); *Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003) (stating to preserve error, a complaining party must make a timely and specific request, objection, or motion and obtain an express or implied ruling on that request, objection, or motion).

Laredo Police Investigator Jose Enrique Gonzalez testified he had a telephone conversation with Garza during the course of his investigation. He stated he attempted to schedule an interview with Garza, but was unable to do so because Garza told the investigator that "[h]e was too busy to meet with" him. Garza argues Gonzalez's testimony improperly allowed the State to comment on his invocation of his right to remain silent.

We believe Investigator Gonzalez's testimony was admissible under the circumstances of this case. First, Garza's response to Gonzalez that "[h]e was too busy to meet with" him is not a clear manifestation of Garza's desire to remain silent. Second, Gonzalez's testimony concerns matters occurring prior to Garza's arrest. "Pre-arrest silence is a constitutionally permissible area of inquiry." *Waldo v. State*, 746 S.W.2d 750, 755 (Tex. Crim. App. 1988). The trial court did not abuse its discretion, and we overrule Garza's second issue. *See Harrell v. State*, No. 11-03-00092-CR, 2005 WL 1405729, at *2 (Tex. App.—Eastland June 16, 2005, no pet.) (not designated for publication) (concluding the trial court did not err when it allowed a CPS investigator to testify that she had talked to appellant on the telephone to set up an appointment to discuss the abuse allegations and appellant made various excuses for not meeting).

### OUTCRY TESTIMONY

In his third issue, Garza argues the trial court erred in allowing Michelle E. Jones to testify as the State's outcry witness. The proper outcry witness is the adult to whom the child first tells how, when, and where she was assaulted. *Reyes v. State*, 274 S.W.3d 724, 727 (Tex. App.—San Antonio 2008, pet. ref'd); *Hanson v. State*, 180 S.W.3d 726, 730 (Tex. App.—Waco 2005, no pet.). "The trial court has broad discretion in determining the proper outcry witness, and its determination will not be disturbed absent an abuse of discretion." *Sims v. State*, 12 S.W.3d 499, 500 (Tex. App.—Dallas 1999, pet. ref'd).

In order to preserve error for appellate review, an appellant must make a proper and specific objection and receive an adverse ruling on that objection. TEX. R. APP. P. 33.1; *Lopez*, 253 S.W.3d at 684. The record shows Garza failed to make a timely and proper objection to Gonzalez's testimony about M.G.'s outcry statements. Consequently, Garza has failed to preserve his complaint for appellate review. *See id.* Garza's third issue is overruled.

### PROSECUTORIAL MISCONDUCT

Garza claims in his fourth issue that the prosecutor engaged in serious and pervasive misconduct during the course of the underlying proceedings. Although Garza cites to multiple instances allegedly constituting prosecutorial misconduct, the record shows Garza did not object on the basis of prosecutorial misconduct when such conduct occurred. The proper method of preserving error resulting from prosecutorial misconduct is to: (1) object on specific grounds; (2) request an instruction for the jury to disregard the comment, evidence, or argument; and (3) move for a mistrial. *Hajjar v. State*, 176 S.W.3d 554, 566 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). Because Garza did not raise a proper objection to the alleged instances of prosecutorial misconduct, he has failed to preserve this contention for appellate review. *See id.* (holding appellant's failure to object on basis of prosecutorial misconduct during trial waived error). Garza's fourth issue is overruled.

### CONSTITUTIONALITY OF SENTENCING STATUTE

Garza's fifth issue challenges the constitutionality of section 3.03 of the Texas Penal Code.[9] Specifically, Garza argues the statute is facially void or void as applied to him. *See Sony v. State*, 307 S.W.3d 348, 352 (Tex. App.—San Antonio 2009, no pet.) ("When challenging the constitutionality of a statute for vagueness, there are two types of challenges: (1) an 'as applied'

---

[9] Section 3.03 of the Penal Code authorizes sentences to run consecutively for more than one conviction arising out of the same criminal episode if the conviction is for an offense under certain sections of the Penal Code, including section 21.11. TEX. PEN. CODE ANN. § 3.03(b)(2)(A) (West Supp. 2010).

challenge, involving whether a statute is unconstitutional as applied to a defendant's particular conduct, and (2) a 'facial' challenge, involving whether a statute is unconstitutional on its face."). Failure to object at trial that a statute is unconstitutional waives the complaint on appeal. *Id.* at 352-53.

There is nothing in the record demonstrating Garza complained to the trial court about the unconstitutionality of the statute in question. As a result, Garza has failed to preserve his complaint for our review. *See id.* Garza's fifth issue is overruled.

### MISSING REPORTER'S RECORD

Lastly, Garza claims that his convictions must be reversed because a significant portion of the record necessary to his appeal has been lost or destroyed through no fault of his own. Texas Rule of Appellate Procedure 34.6(f) provides:

> An appellant is entitled to a new trial under the following circumstances:
>
> (1) if the appellant has timely requested a reporter's record;
>
> (2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or-if the proceedings were electronically recorded-a significant portion of the recording has been lost or destroyed or is inaudible;
>
> (3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and
>
> (4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

TEX. R. APP. P. 34.6(f). Where an appellant may meet the other requirements of Rule 34.6(f), but fails to show the missing portion of the record is necessary to his appeal's resolution, a new trial is not required. *Routier v. State*, 112 S.W.3d 554, 571-72 (Tex. Crim. App. 2003); *Issac v.*

*State*, 989 S.W.2d 754, 757 (Tex. Crim. App. 1999).  The question of whether a missing portion of the reporter's record is necessary to the appeal's resolution is essentially a harm analysis. *Routier*, 112 S.W.3d at 571; *Issac*, 989 S.W.2d at 757.  If the missing portion of the record is not necessary to the appeal's resolution, then the loss of that portion of the record is harmless and a new trial is not required.  *Routier*, 112 S.W.3d at 571-72; *Issac*, 989 S.W.2d at 757.

During jury deliberations, the jury sent a note to the trial court stating as follows: "We would like to pose a question.  Will the sentence[s] be run consecutively or concurrent[ly]?"  Although the trial court sent a written response back to the jury, the court's response does not appear in the record.  Garza claims the trial court's response did not give the jury "proper guidance on the matter" and is necessary to our resolution of his fifth issue complaining about the constitutionality of section 3.03 of the Penal Code.

Garza's suggestion that the trial court may have given an erroneous response, without more, does not make that portion of the record necessary to his appeal.  *See Routier*, 112 S.W.3d at 571.  Further, we cannot say the missing response is necessary to the resolution of Garza's fifth issue because Garza failed to preserve that complaint for our review by failing to lodge a proper objection below.  The purported loss of the trial court's written response is therefore harmless and a new trial is not required.  Garza's sixth issue is overruled.

### CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH