# NO. 12-22-00112-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DEATRIC JERMAINE ALEXANDER,* *APPELLANT* | § | *APPEAL FROM THE 2ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Deatric Jermaine Alexander appeals his conviction for continuous sexual abuse of a child. In three issues, Appellant argues that the trial court erred by denying a requested limiting instruction and admitting evidence of jury deliberations during the hearing on his motion for new trial, and he contends that Rule 34.6 of the Texas Rules of Appellate Procedure is unconstitutional as applied to him. We affirm.

## BACKGROUND

Appellant is the stepfather of the victim, K.P.C., who was sixteen years old at trial. K.P.C. testified that when she was approximately three years old, Appellant entered her room and asked her to "suck his toe." K.P.C. explained that when she was about twelve years old, she realized that Appellant was actually putting his penis into her mouth. K.P.C. also testified that when she was twelve years old, Appellant entered her room in the middle of the night and touched her vagina with his hand. According to K.P.C., Appellant did this two to three times per week. K.P.C. eventually made an outcry to her grandmother.

K.P.C. explained that she exchanged emails or text messages with a friend after she made her outcry. When the prosecutor asked, "what was the nature of those texts or emails[,]" defense counsel objected that the question called for hearsay. The prosecutor stated, "if she's not truthful

in some of the things she said to this person, I anticipate the [d]efense will cross examine and have an opportunity to go into a statement made by a witness. But something they said to that is not hearsay." The prosecutor stated that he was not offering the statement to prove the truth of the matter asserted, and trial judge overruled the objection. Defense counsel asked for a limiting instruction, and the trial judge responded, "I'm going to overrule the objection. And at some point we might need to give them a limiting instruction[,] but at this point I've got to hear the testimony." K.P.C. then testified that she "told him that [Appellant] had sex with me[,]" and she explained that her statement to her friend was not completely truthful. K.P.C. explained that she gave truthful statements to her grandmother, the SANE nurse, and during an interview at the Child Advocacy Center. SANE nurse Sue Hinson testified that she examined K.P.C., and K.P.C. told Hinson that Appellant touched her "with a finger down into her vaginal area." Appellant testified that he never touched K.P.C. inappropriately or put his penis into her mouth. T.S., a victim in an extraneous offense, testified that when she was between seven and ten years of age, Appellant pulled her shirt up and licked around her breasts, and she explained that Appellant also touched her vagina with his hand.

The jury found Appellant "guilty" and assessed punishment at seventy years of confinement. Appellant filed a motion for new trial, in which he contended that trial counsel provided ineffective assistance. After Appellant filed a notice of appeal, this Court received a letter from one of the court reporters, in which she advised that due to her external hard drive crashing, she is unable to recover files for pretrial hearings that occurred on March 4, 2019, and October 7, 2019. We ordered the trial court to conduct a hearing and to make written findings of fact regarding whether a portion of the record has been lost or destroyed and whether there are any inaccuracies in the record. Additionally, we ordered the trial court to determine whether (1) the missing portion of the record is necessary to the resolution of Appellant's appeal, (2) the missing portion of the record can be replaced by stipulation or the agreement of the parties, and (3) Appellant is entitled to a new trial pursuant to Rule 34.6(f) of the Texas Rules of Appellate Procedure.

The trial court conducted an evidentiary hearing, during which trial counsel testified that his defensive theory was that Appellant did not commit the offense. Counsel explained that he and Appellant believed that K.P.C. was "being coached by her aunt and her grandmother." Trial counsel testified that after trial, his investigator contacted some of the jurors. Appellant's new

counsel objected that (1) the jury's deliberations "should remain private" and (2) evidence regarding the jury's deliberations is inadmissible. The trial court overruled the objection. Trial counsel then testified that his investigator told him there was nothing he could have done differently, and that the jurors "had a lot of good things to say" about his representation of Appellant. Appellant's counsel obtained a running objection to trial counsel's testimony on this topic, and trial counsel then testified that the jury found Appellant "guilty" largely because it found K.P.C. and T.S. credible. During the hearing, Appellant's counsel asked the court to find that Rule 34.6(f) is unconstitutional as applied to Appellant because it violates his right to due process. Counsel pointed out that Appellant asserted a claim of ineffective assistance against trial counsel, and he stated, "I have no idea what's in those [missing] hearings yet the burden falls to me to prove that those are somehow essential."[1]

Ultimately, the trial judge overruled Appellant's motion for new trial and filed findings of facts and conclusions of law, in which he concluded that trial counsel was not ineffective. The trial judge also filed findings of fact and conclusions of law regarding the missing reporter's records. The trial judge found that (1) the court reporter cannot locate the record of two pretrial hearings due to the crash of her hard drive, (2) Cherokee County took reasonable steps to recover the lost records, (3) the court reporter would testify that the records are not recoverable, (4) trial counsel would testify that the lost records of the two pretrial hearings are not necessary to resolution of the appeal because "only announcements of ready or proposed trial dates were heard, and no contested hearings as to discovery, the law, or any evidentiary hearings occurred on these dates," and (5) the trial court's docket entries are consistent with what trial counsel would say if he testified. The trial judge concluded that (1) the two missing records of the two pretrial hearings are not necessary to the resolution of Appellant's appeal because only announcements of ready or proposed trial dates were heard and "nothing was heard [regarding] any substantive issue[,]" (2) Appellant is not entitled to a new trial under Rule 34.6(f), and (3) Rule 34 "is not unconstitutional." This appeal followed.

---

[1] Appellant does not assert ineffective assistance of counsel as an issue in this appeal.

In issue one, Appellant argues that the trial court erred by refusing to give a requested limiting instruction to the jury regarding the messages K.P.C. sent to her friend. Appellant contends that a limiting instruction was required because the messages are hearsay.

## Standard of Review and Applicable Law

We review the trial court's refusal to give a limiting instruction for an abuse of discretion. *See* **Shea v. State**, 167 S.W.3d 98, 103-04 (Tex. App.—Waco 2005, pet. ref'd). Rule 105(a) of the Texas Rules of Evidence provides as follows: "If the court admits evidence that is admissible against a party or for a purpose—but not against another party or for another purpose—the court, on request, must restrict the evidence to its proper scope and instruct the jury accordingly." TEX. R. EVID. 105(a). The language of Rule 105(a) requires, upon proper request, a limiting instruction to be given when the evidence is admitted. **Hammock v. State**, 46 S.W.3d 889, 894 (Tex. Crim. App. 2001). The failure to give a timely limiting instruction under Rule 105(a) is nonconstitutional error. *See* **Jones v. State**, 119 S.W.3d 412, 423-24 (Tex. App.—Fort Worth 2003, no pet.).

We may not reverse for nonconstitutional error unless, after examining the entire record, we have fair assurance that the error did not have a substantial and injurious effect or influence in determining the jury's verdict. **Garcia v. State**, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004). We disregard any error that does not affect the defendant's substantial rights. TEX. R. APP. P. 44.2; *see also* TEX. R. EVID. 103(a). We must affirm the conviction if, after examining the record as a whole, "we are left with the fair assurance that the [alleged] error did not influence the jury or influenced the jury only slightly." **Wilson v. State**, 90 S.W.3d 391, 393 (Tex. App.—Dallas 2002, no pet.). To determine whether the error affected Appellant's substantial rights, we must consider all the evidence, the nature of the evidence supporting the verdict, and the character of the alleged error. *Id*. (citing **Morales v. State**, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000)).

## Analysis

To determine whether the trial court erred by refusing to give a limiting instruction, we first consider whether the proffered testimony constituted hearsay. Hearsay is an out-of-court statement offered "in evidence to prove the truth of the matter asserted in the statement." TEX. R. EVID. 801(d). Hearsay is inadmissible except as provided by statute, the rules of evidence, or "other rules prescribed under statutory authority." TEX. R. EVID. 802.

As discussed above, the prosecutor explained that the State offered K.P.C.'s testimony about messaging her friend that Appellant had sex with her, which she admitted was not completely true, in anticipation of the defense impeaching her credibility. *See* TEX. R. EVID. 801(d). The State did not offer the testimony to prove the truth of the matter asserted in the statement. In addition, even if K.P.C.'s testimony constituted hearsay, after examining the record as a whole, including the nature of the evidence supporting the verdict and the nature of the alleged error, we have fair assurance that the trial judge's refusal to give the jury a limiting instruction did not influence the jury or influenced the jury only slightly, and did not affect Appellant's substantial rights. *See* ***Wilson***, 90 S.W.3d at 393-94; *see also* TEX. R. APP. P. 44.2(b). Accordingly, we overrule issue one.

### EVIDENCE OF JURY DELIBERATIONS

In his second issue, Appellant argues that the trial court erred by admitting evidence concerning the jury's deliberations during the hearing on his motion for new trial. Appellant urges this Court to either remand the case for a new trial or for a new hearing on his motion for new trial.

### Standard of Review and Applicable Law

The trial court is the factfinder at a hearing on a motion for new trial. ***Okonkwo v. State***, 398 S.W.3d 689, 694 (Tex. Crim. App. 2013). We review the trial judge's admission of evidence for abuse of discretion. *See* ***Henley v. State***, 493 S.W.3d 77, 82-83 (Tex. Crim. App. 2016); ***Devoe v. State***, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011). A trial court's erroneous admission of evidence is generally nonconstitutional error. ***Potier v. State***, 68 S.W.3d 657, 663 (Tex. Crim. App. 2002); ***Stovall v. State***, 140 S.W.3d 712, 718 (Tex. App.—Tyler 2004, no pet.). We must disregard any nonconstitutional error that does not affect an appellant's substantial rights. TEX. R. APP. P. 44.2(b). The erroneous admission of evidence does not affect substantial rights if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the factfinder or had but a slight effect. ***Solomon v. State***, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001).

Rule 606(b)(1) of the Texas Rules of Evidence provides that during an inquiry into the validity of a verdict, a court may not receive evidence of a juror's statement regarding the effect of anything on that juror's vote, another juror's vote, or any juror's mental process concerning the verdict. TEX. R. EVID. 606(b)(1). The only exceptions to this rule are that a juror may testify (1)

about whether an outside influence was improperly brought to bear on any juror and (2) to rebut a claim that the juror was not qualified to serve. TEX. R. EVID. 606(b)(2).

**Analysis**

As discussed above, at the hearing on the motion for new trial, trial counsel testified that his investigator told him (1) jurors said there was nothing trial counsel could have done differently, (2) jurors "had a lot of good things to say" about his representation of Appellant, and (3) the jury believed the testimony of K.P.C. and T.S. Such testimony by trial counsel regarding the jury's deliberations is prohibited by the express language of Rule 606(b)(1) and does not fall within either of the exceptions provided in Subsection (b)(2). *See* TEX. R. EVID. 606(b)(1), (2). We therefore conclude that the trial court erred by admitting said evidence. *See id*.

We turn now to the question of whether the trial court's error affected Appellant's substantial rights. The trial judge presided over the trial and therefore observed trial counsel's representation of Appellant throughout. After reviewing the entire record, we have fair assurance that the admission of trial counsel's testimony regarding the jury's deliberations and jurors' opinions of counsel's performance did not influence the trial judge in his role as factfinder at the motion for new trial or had but slight effect. *See* TEX. R. APP. P. 44.2(b); ***Solomon***, 49 S.W.3d at 365. Accordingly, we overrule issue two.

<br>

### CONSTITUTIONALITY OF RULE 34.6(F)

In his third issue, Appellant contends that Rule 34.6(f) of the Texas Rules of Appellate Procedure is unconstitutional as applied to him. Specifically, Appellant complains that Rule 34.6 requires his appellate counsel to establish that the missing portions of the record are necessary to his appeal, yet "counsel did not represent Appellant at trial, did not know what was in the record, and had made a claim of ineffective[]assistance against trial counsel."

**Standard of Review and Applicable Law**

When confronted with an attack on the constitutionality of a statute or rule, we presume that it is valid. ***Rodriguez v. State***, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002). The party attacking the rule bears the burden of establishing that it is unconstitutional. ***Id***. An appellant's claim that a rule is unconstitutional "as applied" asserts that the rule, although generally constitutional, operates unconstitutionally as applied to him in his situation. ***Gillenwaters v. State***, 205 S.W.3d 534, 536 n.3 (Tex. Crim. App. 2006).

6

Rule 34.6(f) of the Texas Rules of Appellate Procedure provides that an appellant is entitled to a new trial under the following circumstances:

(1) if the appellant has timely requested a reporter's record;
(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;
(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and
(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

TEX. R. APP. P. 34.6(f).

**Analysis**

As discussed above, we ordered the trial court to conduct a hearing and to make written findings of fact regarding whether a portion of the record has been lost or destroyed and whether there are any inaccuracies in the record, and we further ordered the trial court to determine, among other things, whether the missing portion of the record is necessary to the resolution of Appellant's appeal. The trial court found that trial counsel would testify that the lost record on the two dates in question consisted only of announcements of ready or proposed trial dates, and the trial court further found that its docket entries are consistent with what trial counsel would testify to. Additionally, the trial court concluded that Rule 34.6(f) is not unconstitutional.

The crux of Appellant's argument seems to be that because appellate counsel was not present at the hearings for which the record has been lost, Rule 34.6(f) is unconstitutional as applied to him because it denies him due process. We disagree. Rule 34.6(f)(3) provides that a new trial may be granted only if the missing portion of the record is necessary to the appeal's resolution. TEX. R. APP. P. 34.6(f)(3); *Isaac v. State*, 989 S.W.2d 754, 757 (Tex. Crim. App. 1999). "That provision is itself a harm analysis. If the missing portion of the record is not necessary to the appeal's resolution, then the loss of that portion of the record is harmless under the rule, and a new trial is not required." *Isaac*, 989 S.W.2d at 757. "In enacting that provision of the rule, [the Court of Criminal Appeals] necessarily rejected the contention that a missing record could never be found unnecessary to an appeal's resolution." *Id*. Rule 34.6(f)'s requirement that the missing record be necessary to the appeal "was meant to mitigate against the harshness of a rule that might require a new trial even when no error actually occurred in the

proceedings." ***Nava v. State***, 415 S.W.3d 289, 306 (Tex. Crim. App. 2013). "When an appellant has not been harmed by the missing portion of the record, he should not be granted relief." ***Id***.

In this case, the trial judge conducted an evidentiary hearing and found that the hearings on the two dates in question consisted only of announcements of ready or proposed trial dates. The trial court also found that its docket entries are consistent with what trial counsel would testify to about the matter. Appellant had access to a full record of his trial, from voir dire through punishment, as well as all pretrial hearings except for two. The fact that counsel, in his reply brief, suggests entirely speculative, hypothetical scenarios that could have transpired at the two pretrial hearings, such as comments indicating ineffective assistance of counsel, a racial motivation for the prosecution, or lack of impartiality by the trial judge, do not render Rule 34.6(f) unconstitutional as applied to Appellant. We conclude that Rule 34.6 of the Texas Rules of Appellate Procedure is not unconstitutional as applied to Appellant. *See*; ***Nava***, 415 S.W.3d at 306; ***Isaac***, 989 S.W.2d at 757; *see also* TEX. R. APP. P. 34.6(f). Accordingly, we overrule issue three.

## DISPOSITION

Having overruled each of Appellant's three issues, we ***affirm*** the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered March 31, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 31, 2023**

**NO. 12-22-00112-CR**

**DEATRIC JERMAINE ALEXANDER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 2nd District Court

of Cherokee County, Texas (Tr.Ct.No. 21021)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*